King *v.* Sullivan county.

O. C. KING *v.* SULLIVAN COUNTY.

COUNTY COURT. *Power of to make appropriations for the support of the poor.*
The county court has power to levy, collect, and appropriate money
to support the poor of the county, and the justices of the county court
are the exclusive judges of whether the persons provided for are
"poor persons" in the sense of the law; and the fact that such poor
persons were the wives and families of rebel soldiers, or that the jus-
tices acted under political prejudices in making the appropriations,
can make no difference; if the order recites that they are poor per-
sons, or the equivalent, it is a valid appropriation.

FROM SULLIVAN.

Appeal from the Circuit Court. C. J. ST. JOHN,
Special Judge.

N. M. TAYLOR, W. V. DEADERICK and D. F.
BAILEY for plaintiff.

W. D. HAYNES for defendant.

McFARLAND, J., delivered the opinion of the court.

This action was brought upon a number of war-
rants upon the county treasury issued by the chair-
man in pursuance of appropriations made by the county
court at the July session, 1864. The language of
the order making the appropriation is, that "on ap-
plication of L. M. King for an allowance for provi-
sions furnished indigent soldiers' wives, to-wit," setting

forth the names and amounts. The vote was taken,. and it was "ordered by the court that the trustee pay said King the above specified amounts, and that certificates issue accordingly."

The defense was, first, that the county court had no power to make the appropriation; and, second, that the contract or appropriation was made to aid the rebellion then flagrant, and was therefore against public policy and void.

The county court has power to levy and collect and appropriate taxes for county purposes. One of these purposes is to support the poor of the county. If the persons for whose benefit the appropriations were made were "poor persons" in the sense of the law, and the appropriations were made for that reason, then it was clearly within the power of the court.

Whether they were such persons or not the county justices were the exclusive judges,. and we have said in a similar case that if the persons were poor persons, and proper objects of support by the county, it was the duty of the court to provide for their support, although the persons to whom the aid was granted might be the wives or families of men then in the rebel army. Public policy or principles of humanity did not require that women and children should be suffered to starve in order to force the husbands and fathers to desert the rebel cause. *Adams* v. *Hardeman County*, MS.

The order making the appropriation assumes that the persons to whom the aid was granted were "in-

digent" persons, which is equivalent in meaning to "poor persons." It is argued in substance that the appropriations were made in pursuance of an act of the Legislature passed May 6, 1861, which, among other things, authorized county courts to provide for the relief and support of families of volunteers while in actual service. The record shows that the county court of Sullivan, on the 22d of May, 1861, took this act into consideration, and the justices pledged themselves to support such families, and make report at a future time. There seems to be no necessary connection between this action and the appropriations in question made in July, 1864, though such may be the fact. We hold that if the county court, in making these appropriations, determined the persons for whose benefit the aid was granted to be poor persons, and on that ground granted the appropriations, then they were valid and proper, no matter what the political proclivities of the justices were, or what their motives were in making the appropriations. We could not entertain an enquiry to show that in making appropriations for the support of the poor of the county, the justices were governed by political prejudices. If, on the other hand, the appropriations were made simply because the persons were wives of rebel soldiers, and without determining that they were poor persons, then the court would have no power to make such appropriation. But the record shows that the appropriations were made in favor of the parties mentioned as indigent persons, and in regard to the action of the court the record is conclusive. This instruction

should have been given to the jury. The question, whether the word "dollars," as used in these warrants, in view of the facts and circumstances, did not contemplate "Confederate dollars," was properly left to the jury.

Judgment reversed and new trial awarded.