## ALEXANDER *v.* HENDERSON.

### (*Knoxville.*     October 4, 1900.)

1. TAXATION.   *Void levy for taxes by a deputy collector.*

   A deputy collector's levy for taxes is void, which is made, not by virtue of a certified list from the Trustee, as required by statute, but under a mere memorandum from the Trustee of the amount of taxes due, which is not, and does not purport to be, a writ, execution, warrant, or other instrument known to the law, and does not command anything to be done.

   Act construed: Acts 1895, Ch. 120.

2. INJUNCTION.   *Against void process for collection of taxes.*

   Injunction lies against void process for the collection of State and county taxes, although there may be also a remedy at law by certiorari.

   Cases cited: Bank *v.* Mayor, 8 Heis., 816; Governor *v.* Montgomery, 2 Swan, 617; Spears *v.* Loague, 6 Cold., 420; Mayor *v.* Pearl, 11 Hum., 249; Bright *v.* Halloman, 7 Lea, 309.

### FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

ROBT. P. WOODARD for Alexander.

Attorney-general PICKLE and J. H. EARLY for Henderson.

McALISTER, J.   Complainant filed this bill to enjoin the County Trustee and his deputy from collecting taxes assessed against complainant's personalty for the years 1896 and 1897 for State, county, and school purposes, amounting to $583.50. Defendants, for the satisfaction of these taxes, had levied on one wardrobe and contents, and one leather rocker, as the property of complainant. It is charged in the bill that defendant, Henderson, had levied on this property, and was threatening to levy on other property of the complainant under a paper which is not a writ, command, warrant, or authority, but a mere memorandum delivered to said deputy by defendant Huffaker, the County Trustee.   Another ground of the relief asked is, that there is no sufficient description of the property assessed for taxation, and, further, that the assessment is excessive.   A demurrer was interposed by defendants, assigning for cause (1) that the State and county were necessary parties; (2) that complainant's remedy was before the County Board of Equalization; (3) that State taxes are forbidden to be enjoined by statute.

The Chancellor overruled the demurrer, and thereupon the defendants filed an answer denying all the material allegations of the bill.

The cause was heard on bill, answer, and exhibits, upon consideration whereof the Chancellor decreed in favor of complainant, and the injunc-

tion against the collection of said taxes was made perpetual. Defendants appealed, and have assigned errors.

It is insisted, first, that the allegations of the bill in respect of the want of authority of the deputy are denied by the answer and not sustained by the evidence.

On this subject the bill alleged that the only paper under the authority of which the deputy seized complainant's property, and proposes to sell the same, is not a writ, execution, warrant, or other instrument known to the law; that it does not purport to be issued by any official whatever, or to any one, and commands nothing whatever to be done. In short, it is alleged that said paper is nothing but a "memorandum," and purports only to be such. The memorandum in question, under which the deputy made the levy, or a copy thereof, is exhibited with the bill. It is evidently a copy of such a notice as the County Trustee sends out to the tax-debtor, advising him of the amount of his taxes, and in general terms the nature of the property against which the tax is assessed, the time of maturity of the taxes, and such other information as a taxpayer might wish to know. The Act of 1895, Chap. 120, Sec. 72, provides that the County Trustee shall make out and deliver to a deputy a certified list of all delinquent taxes due in said constable's or deputy's district, containing a description of the

21 P—28

property as appears on the tax books. These lists shall have the force and effect of executions from a Court of Record, and shall be authority for the officer to whom issued to collect the unpaid taxes therein specified, the commissions and costs, and to levy upon and distrain and sell personal property anywhere in his county, etc.

The defendant, Henderson, in his answer admits that at the time he made the levy on complainant's property, he had the paper or memorandum described in the bill. He avers, however, that the delinquent tax books for Hamilton County had been made out and certified for the years 1896 and 1897, on which the amount of taxes due by the complainant for those respective years duly appears. It is further averred in the answer that these certified delinquent tax books, with a description of the property, as it appeared on the tax books for these years was at the command of defendant, Henderson (the deputy), but he used the instrument (the memorandum in question) as a matter of convenience.

It will be observed that the answer does not aver that the certified delinquent list had been delivered by the County Trustee to Henderson, but simply that it was at his command. The deputy does not claim to have used the certified delinquent list in making this levy, but he admits he used the memorandum in question. It is the certified delinquent list which the statute declares

shall have the force and office of an execution from a Court of Record, and not any private paper or memorandum which the officer may choose to use for his own convenience.

As was said by this Court in *Bright* v. *Hallo-man,* 7 Lea, 309, tax books are process equivalent to an execution in the hands of an officer, and a payment under protest entitled the party to sue for so much as is illegal. The levy made on complainant's property was void for want of any legal process conferring authority upon the officer. It is said the complainant has mistaken his remedy, but should have proceeded by certiorari in a Court of Law. The writ of certiorari does afford a proper remedy against a distress warrant illegally issued to collect taxes. *Spears* v. *Loague,* 6 Cold., 420; *Mayor* v. *Pearl,* 11 Hum., 249. But there is a concurrent remedy by injunction in a Court of Equity to enjoin void process. *Nat. Bank* v. *Mayor and Aldermen,* 8 Heis., 816; *Governor* v. *Montgomery,* 2 Swan, 617.

The Chancellor's decree is affirmed to the extent that it perpetually enjoins the sale of complainant's property under the levy in question.