SHIPP *v.* RARICK.

*(Nashville,* December Term, 1933.)

Opinion filed January 16, 1934.

TATUM, ANDERSON & TATUM, of Chattanooga, for appellant.

WILKERSON & WILKERSON, of Chattanooga, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By Code, section 1565, the trustee of each of the counties of the state is authorized to appoint "such deputies as may be necessary" for the collection of delinquent taxes. The deputies so appointed are to be furnished with a list of the delinquent taxes, which list has the force and effect of a judgment at law in the hands of the deputy.

A deputy trustee so appointed is charged with the aggregate amount of the taxes in his hands for collection, and is to be credited, in his final settlement on January 1st, with the amount collected and accounted for, "and with such insolvent or other taxes as such officer shall show could not have been collected by law after diligent effort on his part." Code, section 1569.

By Code, section 1578, such deputy is authorized to collect a commission of seven per cent., together with a fee of 25 cents for issuing a receipt, on taxes collected by him.

It is apparent from these sections of the Code, together with other sections of the same article, sections 1565-1585, inclusive, that a system is thereby provided for the collection of delinquent taxes between the date of delinquency and the end of the current year. The obvious intent and purpose of these sections is that the county trustee shall place delinquent tax lists in the hands of deputies who, by active inquiry and effort, shall endeavor to make collections. For such effort on the part of the deputies, they are authorized to exact from the taxpayer the seven per cent. commission.

The pleadings and proof in the case before us show that the county trustee of Hamilton county, under the assumed authority of these sections of the Code, appointed a single deputy and gave him a place in the trustee's office at the courthouse. No delinquent list was placed in

the hands of such deputy, nor does it appear that he made any effort to collect delinquent taxes. All taxpayers desiring to pay their taxes between March 1st and the end of the year were required to pay them to this deputy, with the addition of the seven per cent. commission and the fee of 25 cents for writing the receipt. The deputy was permitted to use the books of the trustee's office in ascertaining the amount of the tax to be paid.

The complainant Rarick, paying his delinquent *ad valorem* tax to such deputy, at the office of the trustee, was required to pay the commission and fee, which he paid under protest. He brought this suit to recover the commission and fee. The chancellor and Court of Appeals have sustained the action, awarding recovery.

The action of the chancellor and Court of Appeals is predicated mainly upon the authority of *Alexander* v. *Henderson,* 105 Tenn., 431, 58 S. W., 648. They hold that the authority of the deputy to collect the tax, with the commission added, results only from the delinquent list in his hands; and, since the deputy appointed by the trustee of Hamilton county had no such list in his hands, it was held that he had no authority to collect the tax or the commission and fee.

We have no doubt of the accuracy of this ruling, but are not content to stop there. It seems to us that the practice followed by the trustee in this case, which is said to be that followed by the trustees in the larger counties of the state, is by no means a compliance with the provisions of the Code sections cited. The deputy appointed by the trustee, under the facts of this case, was no more than an office deputy or clerk. It is unreasonable to assume that the Legislature intended that the additional commission and fee should be exacted of taxpayers, be-

cause their delinquent tax is paid to a special deputy in a trustee's office rather than to a regular deputy. The statute contemplates an active outside effort on the part of the deputy, and when, having received a delinquent tax list, he cannot show that he had made diligent effort to collect such taxes, it is very clearly implied that he and his sureties are to be charged with them in making final settlement. Obviously, a single deputy could hardly afford to accept the entire delinquent list from a county trustee in the larger counties of the state.

There was no statutory justification for the addition of the commission and fee to the tax of the complainant, under the facts of this case, and he was properly awarded a recovery therefor.

The petition for *certiorari* is denied.