FORT, COMMISSIONER OF FINANCE AND TAXATION, *et al. v.*
HAMMETT OIL CO.

(*Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

ROY H. BEELER, Attorney-General, NORMAN FARRELL,
JACK NORMAN and L. BUCHANAN LOSER, all of Nashville,
for petitioner.

JORDAN STOKES, JR., JORDAN STOKES, III, and J. WHIT-
WORTH STOKES, all of Nashville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

This case in the main falls under the authority of
*Dancey Fort, Commissioner, et al.* v. *Dixie Oil Company*
(Tenn. Sup.), 93 S. W. (2d), 1260, and *Dancey Fort,
Commissioner, et al.* v. *Erle Hudson* (Tenn. Sup.), 93 S.
W. (2d), 1263, this day decided.

The only difference in the present case is that the
Hammett Oil Company claims that it is not a dealer or
distributor of gasoline and is not liable, therefore, for
the gasoline tax.

An amendment to the petition of the Hammett Oil
Company, however, discloses that it is the owner of a
certain tank adjacent to the railroad tracks in Nash-
ville, which tank it avers is leased to certain parties,
that the Hammett Oil Company, as a part of its con-
tract with its lessees, had agreed to receive from them
and transmit to the state the fees on each car that lessees
received and unloaded at this location. That certain cars
were received at said location and the tax paid on them
as for kerosene. The amendment, however, concedes
that the Hammett Oil Company did not know whether
in fact these cars contained kerosene, gasoline, or other
products.

It is thus apparent from this statement of the situa-
tion that the commissioner of finance and taxation must
have concluded from his investigation that the Hammett
Oil Company was a party to an illegal distribution of
gasoline, distributed as kerosene, and liable for the gaso-
line tax.

The averments of the petition of the Hammett Oil Company raise merely an issue of fact between that Company and the commissioner—whether the Hammett Oil Company participated in the distribution of gasoline without paying the tax thereupon.

Under sections 1794 and 1795 of the Code, such an issue of fact between the state and the taxpayer can only be litigated after the tax is paid.

The writs of *certiorari* and *supersedeas* sought by the commissioner and the sheriff are granted, and the writs of *certiorari* and *supersedeas* issued from the chancery court to stay the levy of the distress warrant are quashed.