FORT, COMMISSIONER OF FINANCE AND TAXATION, *et al. v.* HUDSON.

(*Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

Roy H. Beeler, Attorney-General, Norman Farrell, Jack Norman and L. Buchanan Loser, all of Nashville, for petitioner.

Daniel Boone, of Nashville, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

There is no substantial difference between this case and the case of *Dancey Fort, Commissioner, et al.* v. *Dixie Oil Company* (Tenn. Sup.), 93 S. W. (2d), 1260, this day decided. What is therein said is controlling here.

Much complaint is made in the briefs about the disproportion between the amount of the tax demanded and the value of Hudson's business. This, however, is not an *ad valorem* tax, but a privilege tax. Many privilege taxes in amount exceed the value of the properties employed in the licensed business.

The provisions of sections 1794 and 1795 of the Code may work hardship in particular cases. These sections of the Code, however, do not transgress the Constitution, and, being within the competency of the Legislature, must be enforced.

This court has never disregarded these sections of the Code and undertaken to restrain the collection of a tax due the state, even an *ad valorem* tax, unless the assessment or the process issued to collect the tax was void, as in *Tennessee Fertilizer Co.* v. *McFall*, 128 Tenn., 645, 163 S. W., 806; *Southern Express Co.* v. *Patterson,* 122 Tenn., 279, 123 S. W., 353; *Smoky Mountain Land, etc., Co.* v. *Lattimore,* 119 Tenn., 620, 105 S. W., 1028;

*Briscoe* v. *McMillan,* 117 Tenn., 115, 100 S. W., 111; *Alexander* v. *Henderson,* 105 Tenn., 431, 58 S. W., 648.

The federal courts in rare instances have gone further, but these sections of the Code were not considered binding by those tribunals.

The writs of *certiorari* and *supersedeas* sought by the commissioner and the sheriff are granted, and the writs of *certiorari* and *supersedeas* issued from the chancery court to stay the levy of the distress warrant are quashed.