# J. Y. LACEFIELD v. HAROLD BLOUNT et al.—304 (2d) 515.

Western Section, at Jackson.   January 30, 1957.

Petition for Certiorari denied by Supreme Court July 29, 1957.

514

R. R. Haggard, Waynesboro, for appellant.

Will Tom Abernathy, Selmer, for appellee.

BEJACH, J. This cause involves a suit by J. Y. Lace-field, a member of the Quarterly County Court of Hardin County, Tennessee, suing as a citizen and taxpayer of said County, against Harold Blount and others seeking to enjoin the payment of a county warrant in the amount of $3,285 issued to defendant, Harold Blount, on the ground that same was issued pursuant to an appropria-tion made by the Quarterly County Court of Hardin

County without authority of law, that such appropriation and the warrant issued in payment thereof are both illegal and void, and that complainant is therefore entitled to an injunction against the payment of same. The defendants, other than Harold Blount, are the First National Bank of Savannah, The Citizens Bank, Bob White, Trustee of Hardin County, and H. F. Snodgrass. The defendants, other than Harold Blount, have no interest in the controversy and made no defense to complainant's bill. The banks in question were simply enjoined from paying the warrant which is the subject matter of this litigation, as was Bob White, County Trustee, and H. F. Snodgrass was made a party defendant because he held the warrant in question. As none of the defendants, other than Harold Blount, made any defense to the suit, it results that the litigation is between J. Y. Lacefield, complainant, on the one hand and Harold Blount, defendant, on the other. The parties will, for convenience, be styled as in the lower court, complainant and defendant, or designated by their respective names. The suit is brought by J. Y. Lacefield, as a taxpayer, on behalf of himself and all other taxpayers of Hardin County, all of whom would be affected in like manner as would the complainant by payment of the disputed warrant. The lawsuit questioned the validity of the appropriation made by the Quarterly County Court of Hardin County for the purpose of reimbursing defendant Blount in his capacity as County Court Clerk of that County for amounts paid out by him during the years 1946, 1947, and 1948 for "help in the office" of the County Court Clerk.

The defendant was County Court Clerk of Hardin County from September 1, 1946 until August 31, 1954.

Prior to March 1949, defendant had made no application to the Chancery Court for authorization of a deputy or allowance for other expenses of his office; but at that time, pursuant to provisions of sec. 10731 et seq. of Williams' Code of Tennessee 1932, T. C. A. sec. 8-2001 et seq. he filed his petition in the Chancery Court of Hardin County in which he stated that since his induction in the office of County Court Clerk, the work of said office was such that to properly and efficiently conduct the affairs and transact business therein, it was necessary for him to employ a deputy or an assistant. Upon the hearing, the Chancellor granted said petition, and thereafter until the end of his second term in office, August 31, 1954, the defendant conducted his office with the help of a deputy and such assistants as were authorized by decree of the Chancery Court. At the expiration of his second term, defendant had on hand excess fees in the amount of $3,-285.04 which he turned over to the Trustee of Hardin County.

Complainant's bill alleges that the defendant Harold Blount, as County Court Clerk, at no time filed any report showing the fees or commissions or other charges collected by him as such County Court Clerk; that he did not file an itemized statement of such fees each month under oath to the Chairman or County Judge; that he at no time made any remittance of excess fees received by him to the County Trustee as provided for in sec. 10729 of the Code of 1932, T. C. A. sec. 8-2204; and that prior to September 28, 1954, the defendant Harold Blount had never made any payment whatever on account of such excess fees, except the sum of $1,000 on July 17, 1953. It is charged in the bill that the failure of the defendant to file any petition covering the years 1946, 1947,

and 1948 was a waiver of any claim he might have had for authority to pay a deputy clerk and assistant deputy clerk; that the only method provided by law whereby he could be paid or reimbursed for payment to a deputy clerk or assistant deputy clerk were and are under sec. 10731 of the Code of 1932 (carried forward into Tennessee Code Annotated as sec. 8-2001), and that there was no authority in law for the appropriation made by the Quarterly County Court of Hardin County in favor of defendant in the sum of $3,285. It is alleged, however, that at the regular session of the Quarterly County Court of Hardin County on the first Monday of October 1954, the defendant, Harold Blount, made claim against the County of Hardin in amount of $3,285, claiming that in the years 1946, 1947, and 1948 he had paid out such sum for "help in the office". It is further alleged that in spite of the fact that no claim had been filed before the meeting of the Quarterly Court and that the Quarterly Court was not informed as to the propriety or justice of such claim, a resolution was adopted and entered on the minutes of said Court, which is as follows:

"Motion made by Esq. H. W. Ellis, seconded by Esq. Farris Stafford to pay Harold Blount $3285.00 out of overage to cover salaries paid help in office out of his salary during the years 1946, 1947, and 1948."

A certified copy of this resolution is in the record and it shows "Those voting aye: Esq. Will Strickland, Esq. Grady McCasland, Esq. Grover Neal, Esq. J. V. Stricklin, Esq. Jones McFall, Esq. Murle Singnefield, Esq. Carmon Byrd, Esq. Hobert Hendenan, Esq. N. B. Carmon, Esq. Joe Wright, Esq. H. W. Ellis, Esq. Edd Innman, Esq.

Farris Stafford, and Esq. Mark Mitchell. Those voting nay: Esq. Arthur F. Northcutt, Esq. J. P. Smith, Esq. J. Y. Lacefield, Esq. Emett Yeiser, Esq. Archie Gammill, Esq. H. H. Welch, Esq. V. E. Durham, Esq. Ernest Harhis, Esq. J. W. Bekham, and Esq. Shelby Franks.''

The complainant's bill alleges that immediately after the vote was taken on the appropriation, under the resolution quoted above, the defendant, Harold Blount, procurred the issuance of a warrant to him in the sum of $3,285, and that such warrant is now in the hands of defendant H. F. Snodgrass.

The bill alleges further that upon a final audit of the affairs of defendant Harold Blount, as County Court Clerk, which was made on or about September 28, 1954, it was found he did not have on hand or in the bank the funds shown by such audit to be due, and that the payment to Harold Blount of the sum of $3,285 was the amount of his shortage; that the warrant issued lacks only four cents of being the amount paid to the Trustee of Hardin County upon the audit of the office of County Court Clerk; and that the defendant Harold Blount procurred the appropriation complained of with a fraudulent intent of evading his liability for the amount due by him to Hardin County as shown by the final audit.

The answer of defendant, Harold Blount, filed November 24, 1954, admits the allegation of the bill that on the first Monday of October, 1954, he made claim against the County of Hardin in the amount of $3,285 for the amount expended by him out of his own salary during the years 1946, 1947, 1948, and a part of 1949, ''for necessary and required help to expeditiously, judiciously, and in a businesslike manner conduct the affairs of the office, as he is

informed he had a right to under sec. 10708.1 [10748.1] of the Code of Tennessee." The answer denies that the claim was not filed before the meeting of the Court, and denies that the Justices of the Peace of said County were not informed of the propriety or justice of the claim. The answer admits that his claim was allowed as set out in complainant's bill, but denies that the appropriation to him of the amount of $3,285 was illegal and void.

The answer admits that for the period from September 1, 1946 through and including the year 1948, and up until March 1949, the fees of his office did not amount to the maximum salary fixed by the general salary act, and admits that prior to March 1949, he made no application in the statutory manner for the allowance for clerk hire and other expenses. The answer avers that he was wholly ignorant of a law whereby he could apply to the Chancery Court for allowance for clerk hire until March 1949, and that he then filed a petition styled "Harold Blount vs. Robert B. Mangum, County Judge, Number 2340" in the Chancery Court of Hardin County. Defendant's answer alleges that from the time of his induction into the office of County Court, September 1, 1946, until March 19, 1949, the work was so heavy that he could not properly and efficiently conduct the affairs of the office by devoting his full time thereto; that it was necessary that he employ a deputy or assistant, and that he employed a deputy or assistant and paid the salary out of his own fees. The defendant's answer avers that at the time of his taking office on September 1, 1946, he did not know that there was a method whereby he could bring to the Court's attention the fact that he needed a deputy or assistant; and that none of his predecessors in the office had ever made such application. The answer avers that from September

1, 1946 to March 19, 1949 he expended out of his fees the sum of at least $100 per month for a full time deputy and the sum of $80 per month for a period of four months each year for seasonal help during those periods when the sale of hunting licenses, automobile licenses, and drivers licenses was heaviest, and that from September 1, 1946 until the filing of his petition in the Chancery Court, March 19, 1949, he paid ''out of his own pocket the sum of $3,440 for office and clerical help, all of which was a necessary expenditure'', for the reason that he could not care for the duties and transact the business of the office by devoting his entire time thereto.

Defendant's answer avers that under secs. 10742 and 10748.1 of the Code, T. C. A. secs. 8-2208, 8-2010, he was wholly within his rights to ask the County Court to reimburse him for the amount of money he had expended for help necessary to carry out the work of the office where, through ignorance of the statute he failed to make application and obtain orders or authority to employ clerical help when it was actually necessary to hire such help in order to properly conduct the affairs of the office, and that he was entitled to reimbursement for the same out of the excess fees credited to the office at the expiration of his tenure in office, without reference to the origin or date of the creation of the excess fees.

The defendant's answer names, among the persons employed by him, Miss Mae Barker Hinton, Mrs. Robert Parkes, U. L. Whitlow, Una Mae Couples, Kitty Mabry, Grace B. Walker, Betty Gordon Price, Frances Montgomery, Patsy Lay, and possibly others. The answer avers that ''he does not know exactly the amounts paid these parties''; that he paid Kitty Mabry during this period

the sum of $2,690, and to the others various sums, "amounting in all to more than $3440.00".

The defendant, in his answer, denies that upon the final audit there was a shortage in his accounts and denies that the appropriation of the amount of $3,285 made by the Quarterly County Court of Hardin County was procured with the fraudulent purpose of evading his liability for the amount due the office by him; and avers that he had the right to apply to the Quarterly County Court for the appropriation complained of, for a refund to him for payments made by him to assistants and deputies out of the fees of his office collected by him, for which he failed to obtain credit, and for which he has been compelled to account, because he was ignorant of the law and neglected to apply and obtain orders from the Chancery Court authorizing him to employ such deputies and assistants.

This cause was heard on oral testimony by written agreement of the parties and a large amount of testimony was introduced, consisting of the testimony of the individuals employed by defendant as assistants, the testimony of Joe Hunt, an auditor out of the State Comptroller's office, who had audited defendant's office, and of a number of other witnesses. Most of this testimony was, for the reasons hereinafter stated, we think, improperly admitted in evidence.

The Chancellor took the cause under advisement, and on April 23, 1956 a final decree was entered, after he had filed a written finding of facts.

The final decree, omitting the caption of same, the exceptions thereto, and the prayers for appeal, is as follows:

"This cause came on to be heard before the Hon. John T. Gray, Chancellor sitting by interchange for the Hon. Wayne A. Cox, on the 30th day of May, 1955, upon the original bill, the answer and oral proof introduced in the cause under the rules of Chancery, and the cause was taken under advisement by the Chancellor.

"On March 29, 1956, the Chancellor handed down his written finding of fact in the cause.

"The Court finds, adjudges and decrees that the defendant, Harold Blount, was the County Court Clerk of Hardin County, Tennessee, from Sept. 1, 1946 to Aug. 31, 1954; that during the tenure of his office and at the end of his last term there was in his hands an excess of fees in the sum of $3,285.04, and that said excess fees were paid over to the Trustee of Hardin County; that from Sept. 1, 1946, to March, 1949, the defendant, Harold Blount paid out of his own funds and pocket for clerical help necessary in the operation of the office of County Court Clerk a sum in excess of $3285.00.

"The Court further finds, adjudges and decrees that the defendant, Harold Blount, went before the County Quarterly Court of Hardin County, Tennessee, for reimbursement out of the excess fees of his office of the sum of $3285.00 expended by him out of his own funds for clerical help for the period from Sept. 1, 1946, to March, 1949; that the County Quarterly Court voted to allow said sum of $3285.00 out of the excess fees of the office, and that a warrant in said amount issue and be made payable to the defendant, Harold Blount; that the defendant, Harold

Blount, was within his rights to make such application for reimbursement under sec. 10,748.1 of the 1932 Code; and that at the time said application was made for reimbursement there were excess fees from the office out of which reimbursement could be made.

"The Court further finds, adjudges and decrees that said excess fees in the hands of the defendant, Harold Blount, when he went out of office and by him turned over to the Trustee, were fees that could be applied to those years, for clerical help, when the fees did not exceed the maximum amount applicable under the law.

"The Court further finds as a fact that the defendant, Harold Blount, met all of the necessary requisites for reimbursement as set out under sec. 10,748.1 of the Code; that the manner of presentation of his claim to the County Quarterly Court was not in violation of any of the procedural or prescribed law applicable thereto; and the manner of presentation, together with the failure of making his reports and actions in this regard, did not deprive him of his right to reimbursement.

"The Court further finds as a fact that the defendant, Harold Blount, paid out during the period of time in question for clerical help out of his own funds an amount in excess of $3285.00, but that the sum of $3285.00 was all that the defendant asked to be reimbursed, and hence would be bound by said amount of $3285.00.

"The Court further finds that the defendant, Harold Blount, is entitled to reimbursement in the

amount of $3285.00, but that he has previously paid as a reimbursement for clerical help during said period of time the sum of $856.58, and that this amount should be credit on the amount for which the defendant, Harold Blount, should be reimbursed; that the defendant, Harold Blount, should be reimbursed in the amount of $3285.00, but that said sum of $3285.00 should be credited with the sum of $856.58 previously paid him for reimbursement for clerk hire.

"The Court further finds that it was necessary for the defendant to employ clerical help during the period in question; that such question was affirmatively determined in his favor upon his filing proper petitions in the Chancery Court of Hardin County, Tennessee, wherein it was affirmatively decreed in the said petitions that the defendant could not perform the duties of his office efficiently by devoting his entire time thereto.

"The Court further finds that it has the jurisdiction to determine all of the issues involved in the cause.

"It is, therefore, ordered, adjudged and decreed by the Court that the defendant, Harold Blount, be reimbursed in the sum of $2428.42; that said payment be accomplished by either crediting the warrant of $3285.00 with said sum of $856.58, leaving a balance of $2428.42, or by issuing a new warrant in the amount of $2428.42, and that if the former method be adopted, the injunction heretofore issued against payment of said warrant be dissolved.

"It is further ordered, adjudged and decreed by the Court that the complainant and the defendant each pay one-half of the costs of the cause."

The $856.58 credit provided for in the final decree was on account of payment in that amount voted to defendant April 7, 1952 by the Quarterly County Court of Hardin County, Tennessee, out of "overage of fees collected in his office from September, 1946 to September, 1951, this to be collected at any time that he sees fit". A certified copy of the minutes of the Quarterly County Court of Hardin County evidencing this appropriation is in the record, and it appears that the defendant had, about that time, paid into hands of the County Trustee the sum of $1,000 of excess fees of his office.

To that part of the final decree which held that the defendant was entitled to be reimbursed in the amount of $2428.42, the complainant excepted, prayed, was granted, and has perfected his appeal to this Court. To that part of the decree which adjudges that the defendant had been previously paid as a reimbursement for clerical help the sum of $856.58 and that this amount should be credited on the amount for which he should be reimbursed, the defendant, Harold Blount, excepted, prayed, was granted, and has perfected his appeal to this Court. Both appellants have filed assignments of error. The complainant, as appellant in this Court, has filed four assignments of error; and the defendant, as appellant here, has filed three assignments of error. We deem it unnecessary to copy these assignments of error into this opinion, however, or to discuss them separately. These assignments of error present only two questions to be determined by this Court, which are:

526

First. Whether the warrant for $3285 in favor of the defendant, issued pursuant to an appropriation of that amount made in his favor by the Quarterly County Court of Hardin County, is illegal and, void.

Second. Whether the sum of $856.58, previously appropriated in favor of defendants, should be credited on the warrant in his favor for $3285.

We think that the legality of the appropriation in favor of defendant by the Quarterly County Court and the validity of the warrant issued pursuant to that appropriation were properly presented for adjudication by the Chancery Court, in this cause; but, as stated above, we think most of the testimony which was offered in evidence before the Chancellor, and which is preserved in the bill of exceptions and thereby made part of the record in this cause, was incompetent.

■ There can be no question as to the right of the complainant, J. Y. Lacefield, as a citizen and taxpayer of Hardin County, to question, by his bill filed in this cause, the legality and validity of the action taken by the Quarterly County Court of Hardin County in making the appropriation in favor of defendant, Harold Blount. Winston v. Tennessee & P. R. Co., 60 Tenn. 60; Kennedy v. Montgomery County, 98 Tenn. 165, 38 S. W. 1075; Stuart v. Blair, 67 Tenn. 141; Alexander v. Henderson, 105 Tenn. 431, 58 S. W. 648; Nashville, C. & St. L. Ry. v. Carroll County, 161 Tenn. 581, 33 S. W. (2d) 69, appeal dismissed 51 S. Ct. 349, 283 U. S. 785, 75 L. Ed. 1414.

■ Our reason for holding that most of the testimony in the record before us was incompetent, should not have been considered by the Chancellor, and is not being con-

sidered by us, is that the certified copies of the records of the Quarterly County Court of Hardin County are the only competent evidence admissible to show or explain the transactions of that Court. State v. True, 116 Tenn. 294, 95 S. W. 1028; Heard v. Elliott, 116 Tenn. 150, 92 S. W. 764; Bank of Erin v. Houston County, 6 Tenn. App. 638.

The case of State v. True involved a suit by the State of Tennessee and others to recover $1000 which had been paid to H. C. True, a lawyer of Springfield, Tennessee, for prosecuting a suit on behalf of Robertson County for which he had been employed by the Chairman of the County Court without legal authority in the chairman for such employment, and, so far as the minutes of the Quarterly County Court showed, without authorization for or ratification of such employment by the County Court. In that case, the warrant had already been issued and paid, but as decreed by decision of the Supreme Court, the defendant was required to refund the proceeds of same. At the trial in the Chancery Court, it was contended that the Quarterly County Court of Robertson County had approved the action of its chairman in employing Mr. True, and evidence to establish that fact was admitted over the objection of complainants. On this phase of the case, in reversing the Chancery Court and the Court of Chancery Appeals, the Supreme Court, speaking through Mr. Justice Shields, said:

"The facts found by the Court of Chancery Appeals are not only insufficient to establish the ratification of the action of the chairman by the quarterly court, but are also based upon incompetent evidence, heard over the objection of counsel for complainants.

That court finds that the proceeding which it holds amounts to an approval and ratification of the action of the chairman in employing Mr. True and bringing the suit, entirely from parol evidence, and that no record whatever was made of the same. However formal and full those proceedings may have been, not having reached the minutes of the Court, they do not constitute any valid action upon its part. Courts of record and legislative bodies—and quarterly courts partake somewhat of the nature of both, and in this particular matter that of Robertson county was acting in its legislative capacity—speak only through their records. The law requires records to be made of their proceedings, and that they be signed. That a judgment or decree was pronounced, or an order made or a motion carried, if it be not spread upon the minutes of the court required to be kept for that purpose, avails nothing, and is as if no such proceeding was ever had. The action of a court or legislative body is not complete or effective for any purpose until the record evidencing it has been made duly authenticated. The records of courts and legislative bodies are the sole witnesses of their proceedings, and they can only be proven by duly certified copies of such records. Parol evidence cannot be heard for this purpose. These are well-established rules, and every principle of public policy imperatively forbids any departure from them. Brooks v. Claiborne County, 8 Baxt. 46; Fraker v. Brazelton, 12 Lea [278] 280, 281.''

State v. True, 116 Tenn. 294, 312-313, 95 S. W. 1028, 1032.

In the same volume of Tennessee Reports, in the case of Heard v. Elliott, Mr. Justice Neil, speaking for the Supreme Court, said:

"The Court of Chancery Appeals found that, although the minutes of the county court for the year 1881 did not show that Thurman had been elected entry taker, yet as a matter of fact he was elected entry taker by the justices of the county court. This conclusion was based on oral evidence taken as to what transpired in the county court during the terms of that year concerning this matter. This evidence was objected to by the complainant, on the ground that it was not competent to prove by oral evidence the official acts of the county court; that the minutes were the only evidence of the determinations reached by that body. This objection was overruled by the court of chancery appeals. We think that court acted erroneously in so doing. The subject is fully considered by this court in an opinion delivered at the present term by Mr. Justice Shields in the case of State v. True [116 Tenn. 294], 95 S. W. 1028, and we refer to that case, without further elaboration." Heard v. Elliott, 116 Tenn. 150, 159-160, 92 S. W. 764, 766.

As was also said in State v. True:

"The county court, whether quorum or quarterly, has only such powers and jurisdiction as are vested in it by statute, and when the power or jurisdiction exercised by it is called in question, the party relying upon the action of the court must be able to point out the statute conferring the jurisdiction. Judges' Salary Cases, 110 Tenn. 370, 75 S. W. 1061; Johnson

v. Brice, 112 Tenn. 59, 83 S. W. 791.'' State v. True, 116 Tenn. 294, 311, 95 S. W. 1028, 1032.

In Bank of Erin v. Houston County, 6 Tenn. App. 638, the Middle Tennessee Section of the Court of Appeals, speaking through DeWitt, J., said:

''It appears that the minutes of the county court do not contain any resolution authorizing the borrowing of the money, or instructing the chairman and the county trustee to obtain the loan.

''The foregoing parol evidence purporting to show that the loan was authorized by the county court was not excepted to, but it is well settled that the action of a court or legislative body is not complete or effective for any purpose until the record evidencing it has been made and duly authenticated. 'The records of courts and legislative bodies are the sole witnesses of their proceedings and they can only be proven by duly certified copies of such records. Parol evidence cannot be heard for this purpose. These are well established rules and every principle of public policy imperatively forbids any departure from them'. State v. True, 116 Tenn. 294, 313, 95 S. W. 1028, Brooks v. Claiborne County, 8 Baxt. 46, Fraker v. Brazelton, 12 Lea 280.''

\* \* \* \* \* \*

''It is well settled however that counties being creatures of statutes, have no powers, except those created by statute, and the power to borrow money will not be implied, but must be expressly granted to authorize its exercise. 15 C. J. 573. Burnett v. Maloney, 97 Tenn. 697, 37 S. W. 689, 34 L. R. A. 541;

State v. True, 116 Tenn, 294, 95 S. W. 1028; Judges' Salary Cases, 110 Tenn. 370, 75 S. W. 1061; Johnson v. Brice, 112 Tenn. 59, 83 S. W. 791. In Burnett v. Maloney, supra, it was held that to enable a county to issue warrants, it must derive its authority to create such a debt from an enabling act of the legislature, which at the same time gives it power to provide for payment by a special act, and no doctrine is better settled in the State than that the power thus conferred must be strictly construed and exactly followed. See also Southern Railway Co. v. Hamblen County, 115 Tenn. 526, 92 S. W. 238.

"There is no general statute authorizing counties to issue warrants for borrowed money, and we find no special statute authorizing Houston county to do so." Bank v. Erin v. Houston County, 6 Tenn. App. 638, 643-644.

As is indicated in the above quotation, the warrant of Houston County in litigation was held invalid because it was issued for borrowed money when there was no statute either general or special authorizing Houston County to borrow money.

Likewise, in every reported case which has been pointed out or which we have found, where a county warrant was held invalid, it has been because the county issuing same was without statutory authority to issue it or to make an appropriation for payment of same. Even in those cases where the doctrine of implied liability of counties has been applied, as was held in Madison County v. Gibbs, 77 Tenn. 383; Rhea County v. Sneed, 105 Tenn. 581, 58 S. W. 1063, such doctrine has been applied only where counties had statutory authority to create the debt

involved, but there was some technical defect or irregularity in the issuance of the warrant given in payment of same.

As was said by Mr. Justice DeHaven, speaking for the Supreme Court in McDonald v. Scott County, 169 Tenn. 374, 87 S. W. (2d) 1019, 1021, citing Shelby County v. Memphis Abstract Co., 140 Tenn. 74, 203 S. W. 339, L. R. A. 1918E, 939; Henry v. Grainger County, 154 Tenn. 576, 290 S. W. 2, and State v. True, 116 Tenn. 294, 95 S. W. 1028:

"The officers of a county have only such powers as are conferred upon them by statute, and cannot bind the county when acting outside the scope of their duties as defined by the statutes of the state."

In Macon County v. Dixon, 20 Tenn. App, 425, 442-443, 100 S. W. (2d) 5, road warrants were held invalid because they had not been issued in compliance with the provisions of Chapter 87, Private Acts 1913, Regular Session,—a road law for Macon County.

In the instant case, however, the defendant relies on and points out specific statutory authority for the appropriation made in his favor, in payment of which the contested warrant was issued, same being contained in sec. 10748.1, Williams' Code of Tennessee (carried forward into sec. 8-2010, Tenn. Code Ann.), originally enacted in Chapter 52, Public Acts of 1931, which is as follows:

"The various quarterly county courts of the state are empowered to refund payments made to the county by the county court clerks, chancery court

clerks, probate and circuit clerks, and clerks of criminal and special courts, county trustees, registers of deeds, sheriffs, in cases where they have failed to obtain credit for payments made by them to assistants and deputies out of the fees of their offices collected by them and have been compelled to account therefore to the county by reason of having neglected to apply to and obtain orders from the courts authorized by law authorizing the employment of such deputies and assistants; provided, it shall be made to appear that the officers could not properly and efficiently conduct the affairs and transact the business of their office by devoting their entire working time thereto and it was actually necessary to the proper conduct of same to employ such assistants and deputies, and that only such assistants and deputies were employed and at such salaries and under such facts as would have been sufficient to justify the courts to whom such application should have been made, to have made orders for the employment of such assistants and deputies and at the salaries paid them; and provided further, that the failure to file petitions with the courts and obtain the orders necessary for the employment of such assistants and deputies was on account of misapprehension and misunderstanding of the requirements of the law and such failure was in good faith; and provided further, that nothing shall be refunded to such officers on account of the employment of assistants and deputies except and only such as said officers would have been entitled to under the law had the petitions been filed and the orders obtained as required by the statute.

"The quarterly county court of any county in the state is hereby authorized to release any county official in his settlements with the county from the payment of any sum or sums theretofore made by such county official for assistants or deputies when such official would have been entitled to employ and pay such assistants and deputies had he made application to the proper court for authority to employ them under the provisions of Chapter 101 of Public Acts of 1921."

The above quoted statute has been construed in the case of State ex rel. Doty v. Styke, 29 Tenn. App. 620, 199 S. W. (2d) 468, which was a case involving facts quite similar, and substantially analogous, to those involved in the instant case. This was a case heard by the Court of Appeals sitting en banc, and all members of the Court concurred in the opinion written by Baptist, J. This case involved two suits filed by the State on relation of S. W. Doty, County Judge, etc., and by Green County against Hugh N. Styke and others for accounting for fees collected by Styke as sheriff during two separate terms of office. In one case the Chancellor had awarded a decree for $3,120.74, and in the other a decree for $7,563.81. The Quarterly County Court of Green County had passed a resolution to have appointed a committee to audit the books and records of the defendant, Styke, to ascertain what excess fees, if any, were due the county. Thereafter, the defendant, Styke, petitioned the county court to have allowed him in settlement the amounts expended by him for clerk hire, deputies, and jailors, which petition was denied by the court. At another time, a similar petition was filed but the court adjourned without acting on same. The Chancellor was of opinion that

the authority to release an official in his settlement is exclusively in the quarterly county court, under the provisions of sec. 10748.1, Williams' Code, that jurisdiction of the claims for credit for salaries of deputies, assistants and clerks, cannot be conferred on the Chancery Court by consent, and, being of that opinion, he entered the decrees referred to above. There was in the record, however, a stipulation that the sheriff had incurred the expenses for which he had sought reimbursement at the hands of the quarterly couty court under authority of sec. 10748.1, Williams' Code, for clerk and deputy hire in the necessary discharge of his duties and in the necessary operation of his office as such. The evidence in the record established that Styke was a farmer with little, if any, business experience; that entering upon the duties of the office, he enquired about and followed the course of his predecessor in office; that no sheriff prior to his election had complied with the anti-fee or general salary law; that it was never suggested to him that such a law was in existence; and that his failure to comply with the same was due to ignorance and not to bad faith.

In that situation, the Court of Appeals, by unanimous opinion, sitting en banc, held that the Chancery Court, having had jurisdiction for one purpose, should have taken jurisdiction for all purposes; that Green County, having come into a court of equity seeking relief, should have been required to do equity; that under the facts established and stipulated, it was apparent that the Circuit Court, on proper application, would have authorized the allowances claimed; that the action of the county court in denying Styke's petition was arbitrary and capricious; and that the allowance of his claims should have been granted, so that full justice might be done between

the parties. The decree of the Chancery Court was accordingly reversed and the suits dismissed.

Prior to the enactment of Section 10748.1, of Williams' Code, the Supreme Court had held in the case of State for Use of Obion County v. Bond, 157 Tenn. 326, 8 S. W. (2d) 367, that no credit could be allowed to a county officer, under the anti-fee or general salary law, for payments made to deputies and assistants, unless the officer had made application to the proper court for allowance of same in advance.

The statutory authority for the appropriation by the Quarterly County Court of Hardin County in favor of defendant, Blount, being established by Section 10748.1, Williams' Code (Sec. 8-2010, Tenn. Code Ann.), it is immaterial that the appropriation was made out of excess fees earned during his second term to reimburse him for expenditures made during his first term. Hamilton County v. Clark, 165 Tenn. 292, 55 S. W. (2d) 266; Anderson v. Maury County, 193 Tenn. 62, 242 S. W. (2) 81, 84.

As was said in the case of Anderson v. Maury County, referring to the case of Hamilton County v. Clark:

"Furthermore, the Clark case decided that fees available for the payment of salaries of officers under the Anti-Fee Bill were all fees collected by such officer during his term or terms of office without reference to the origin or date of creation of the fee or charge."

Applying this principle to the facts of the case at bar, the Chancellor in his opinion filed in this cause, said:

"It is the opinion of the Court that the same principle would apply as to salaries paid to deputies

as under this case applies to the salaries of officers. Likewise, the last section of the above quoted statute 10748.1 provides that the entire term of office may be taken into consideration in making settlement with the retiring officer for funds he has paid out for the employment of deputies, without regard to confining it to any one year of payment.''

■ Although we have held that parol testimony was not admissible to expand, detract from, or clarify the action of the Quarterly County Court of Hardin County, as set out in certified copies of resolutions of that court, it may be that parol testimony was admissible in behalf of defendant, Blount, under the provisions of Section 10748.1, Williams' Code, to establish that the employment by defendant of deputies and assistants was such as would have justified the Chancery Court in authorizing such payments if application had been seasonably made, and to establish that the failure of defendant to make such application was on account of misapprehension and misunderstanding of the requirements of the law, and that such failure was in good faith. The learned Chancellor found in favor of the defendant on these questions and we think the clear preponderance of the evidence in the record sustains the Chancellor's ruling, if these were proper issues to be tried by him. The alternative view is that these questions, as well as the wisdom or propriety of making the appropriation, were conclusively determined by the action of the Quarterly County Court. It is not necessary for us to decide this question, because, in either aspect of the situation, the result is favorable to the contentions of defendant.

■■ The fact that the excess fees, out of which the appropriation in favor of the defendant was made, were

538

not paid into the hands of the county trustee of Hardin County until after an audit of defendant's accounts as county court clerk of Hardin County during his tenure of office had been made, that but for such payment, so made, the defendant would have been short in his accounts, or even that such payment was made by defendant's sureties to avoid a shortage, is, in our opinion, immaterial. It is likewise immaterial that the appropriation made in behalf of defendant absorbed all but four cents of the excess fees which he had paid into the hands of the county trustee, covering his entire tenure of office. Given the statutory authority to make the appropriation, —and in this case it is expressly given by Code Section 10748.1 (Sec. 8-2010, Tenn. Code Ann.),—the wisdom or propriety of making the appropriation was exclusively for determination by the Quarterly County Court of Hardin County, just as it has been held that the declaration of the County Court that certain individuals were poor persons, for whose benefit an appropriation was made under authority of Section 4215 of the Code of 1858 (Section 5-901, Tenn. Code Ann.), was final and conclusive. King v. Sullivan County, 67 Tenn. 329.

It follows that the first question to be determined, namely, ''Whether the warrant for $3285.00 in favor of the defendant issued pursuant to an appropriation of that amount made in his favor by the Quarterly County Court of Hardin County is illegal and void?'', must be answered in the negative, and that all assignments of error filed by complainant, J. Y. Lacefield, as appellant in this Court, must be overruled.

■ There remains for determination the question of whether the sum of $856.58 paid to defendant Harold Blount under resolution of the Quarterly County Court

of Hardin County, adopted April 7, 1952, should be credited on the warrant for $3285 as was ordered by the Chancellor in his final decree in this cause. This question is presented by the assignments of error filed by defendant, Harold Blount, as cross-appellant in this cause. This appropriation of April 7, 1952, in behalf of defendant, Harold Blount, is not questioned or attacked by complainant's bill in this cause. The decree of the Chancellor ordering a credit of that amount is, therefore, without any pleading to support that part of his decree. On that ground, alone, we could eliminate this credit, thus ordered. Gibson's Suits in Chancery (5th Ed.) Section 694.

■ There are, however, additional and perhaps stronger reasons why this credit should be eliminated. In his written opinion, filed March 30, 1956, the learned Chancellor found as a fact that during the period involved, the defendant had paid out in excess of $3285 for clerical help, but that inasmuch as defendant had asked for reimbursement in the sum of $3285 only, he was bound by that amount and could not be reimbursed in excess of that sum. In arriving at this conclusion, the Chancellor's opinion shows items totaling $850 which did not appear on the cash book of defendant's office but which the Chancellor found as a fact had been paid out of his own pocket by the defendant, in addition to those amounts paid out by him which did appear on the cash books,—all of which made up a total, as was found by the Chancellor, in excess of the sum of $3285 represented by the warrant which is attacked in this cause. These particular items, alone, absorb all of the $856.58 except $6.58. The Chancellor found as a fact that the $856.58 paid under the resolution of April 7, 1952, which he ordered credited on the

warrant of $3285, had been paid to defendant Blount, ''as reimbursement for clerical help during said period of time''; but as is pointed out in the brief filed by defendant's counsel in this Court, there is no evidence in the record that the defendant received this sum for reimbursement for clerk hire, the only testimony in the record on the subject being that of the defendant, himself, who testified that it was paid to him for fixing the registration books that had burned. Even this testimony, however, was incompetent because the only competent evidence on the question was the certified copy of the County Court's resolution. State v. True, 116 Tenn. 294, 95 S. W. 1028; Heard v. Elliott, 116 Tenn. 150, 92 S. W. 764. An examination of the resolution itself, a certified copy of which appears in the record, shows only: ''Motion made by Esq. W. R. Garey, seconded by Esq. Hallie W. Ellis, to pay to Harold Blount, County Court Clerk, $856.58 overage of fees collected in his office from September 1946 to September 1951, this to be collected at any time that he sees fit.'' This certified copy shows that sixteen Justices of the Peace voted for the resolution, with none voting against it.

The $3285.04 surplus of fees shown by the audit of defendant's books, which amount was paid into the hands of the county trustee, obviously amounted to that much excess over and above the fees of defendant's office which he had been authorized to expend, after the amount of $856.58 appropriated by the resolution of April 7, 1952 had been deducted. It seems apparent, therefore, that the resolution of October 4, 1954, appropriating $3285 to defendant contemplated an appropriation of that amount, in addition to the appropriation which had been made some four and one-half years pre-

viously, and that the Quarterly County Court of Hardin County did not contemplate any credit for the previous appropriation.

We think that the assignments of error filed by defendant, Harold Blount, as cross-appellant in this Court should be sustained, thus reversing that part of the Chancellor's decree which required the defendant to credit the sum of $856.58 on the warrant in his favor for $3285 before cashing same. This will leave the defendant free to cash the warrant of $3285 for the full amount of same. The net result will be that a decree may be entered here dismissing the bill filed by complainant, J. Y. Lacefield, and dissolving the injunction heretofore issued in this cause.

The costs of the appeal will be paid by the complainant, J. Y. Lacefield, and the sureties on his appeal bond in this Court, and on the cost bond in the lower court. The costs of the lower court may be paid as was adjudged there. Apparently the Chancellor assessed half of the costs against defendant, Harold Blount, because of the provision in the decree requiring him to credit the sum of $856.58 on the warrant for $3285 before cashing same. Nevertheless, the assessment of costs in the Chancery Court being within the sound discretion of the Chancellor, even though we have disagreed with that part of the Chancellor's decree and have eliminated this credit of $856.58, we can not say that the Chancellor abused his discretion in adjudging half the costs against the defendant. For that reason, the costs of the lower court are allowed to remain as was there adjudged.

Avery, P. J. (Western Section) concurs, in part.

Carney, J., concurs.