ANDERSON *v.* COVERT.

(*Jackson,* April Term, 1951.)

Opinion filed February 9, 1952.

HARSH, PIERCE, COCHRAN, RICKEY & CAREY and HUGH F. CAREY, all of Memphis, for plaintiff in error.

R. LEE WINCHESTER, JR., and THOMAS P. MITCHELL, both of Memphis, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This petition for certiorari presents a case in which plaintiff Robert E. Covert recovered a judgment of $500 for compensatory, and $250 punitive damages, against defendant Newell N. Anderson, after a jury trial in the Circuit Court of Shelby County, for an assault and battery committed on plaintiff by one Jack Miller, an employee of defendant Anderson. Our review of the facts is foreclosed by the concurrent approval of the judgment by the Circuit Judge and the Court of Appeals.

The petition for certiorari was not filed within the 45 days after the judgment of the Court of Appeals became final. An order granting an extension was signed by a Judge of the Court of Appeals within that time, but this order of extension is a nullity. Code Section 10629, Rule 11, 185 Tenn. 864.

Defendant Anderson operated a small lunchroom in Memphis, known as "Jack's Lunch," and employed Jack Miller as his night man to operate the restaurant. At

an early hour in the morning, plaintiff Covert entered the restaurant and became disorderly. Miller threw him out, and in doing so, gave him a very brutal beating, kicking him in the sides and back and knocking out several of his teeth. The only question of law presented is whether under these established facts, the employer Anderson is liable in damages for the acts of his employee Miller.

The trial judge considered that the employer might be so liable, and submitted the matter to the jury under a proper charge. The jury found for the plaintiff, the trial judge approved the verdict, and the Court of Appeals has affirmed.

██ ██ Defendant relies on the case of *Hunt-Berlin Coal Co.* v. *Paton*, 139 Tenn. 611, 202 S. W. 935, and asserts that in this case the master is not liable for the wilful tort of his servant because the facts of the present case do not bring it within one of the three exceptions noted in the Hunt-Berlin case. I agree with the Court of Appeals that the Hunt-Berlin case is not controlling. The eviction here was made by Miller from defendant's restaurant, as an incident of his employment. The employee lost his temper and used more force than was necessary to evict the plaintiff, but the tort was committed as an incident of the employment and in the course thereof. The admitted facts of the case here bring it squarely within the rule approved in *Terry* v. *Burford*, 131 Tenn. 451, at page 468, 175 S. W. 538, 542, L. R. A. 1915F, 714, where the following statement of law from a New York case is approved:

"In *Mott* v. *Consumers' Ice Co.*, supra [73 N. Y. 543], it is said:

" 'The rule recognized in all the recent cases, and which does not materially conflict with any of the older

decisions, although it may qualify some of the intimations and casual expressions or illustrations of the judges, is that for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. In general terms, if the servant misconducts himself in the course of his employment, his acts are the acts of the master, who must answer for them.' ''

Since the petition was not filed within the 45 days allowed, nor within any valid extension of that period (Code 10629), this Court has no jurisdiction, and we must deny the writ.