SMITH *et al.* v. CITY OF MEMPHIS *et al.*

(*Nashville,* December Term, 1951.)

Opinion filed June 7, 1952.

W. WRIGHT MITCHELL, of Memphis, for plaintiff in error.

FRANK B. GIANOTTI, Jr., and JESSE M. VINEYARD, both of Memphis, for defendant in error City of Memphis.

NELSON, NORVELL, OWENS & FLOYD, of Memphis, for City of Memphis and VFW.

KENNETH LARKEY, of Memphis, for Mid-South Fair, Inc.

672

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This cause is before the Court on motion of respondents to a petition for certiorari to dismiss the petition because it was filed too late. After adverse judgment by the Court of Appeals, petitioners secured an extension of time within which to file petition for certiorari from one of the Justices of this Court, under authority of Code Section 10629. However, petitioners failed to file petition for certiorari within the term of the extension so granted. Therefore, the petition cannot be considered since this Court has lost jurisdiction. Rule 11, 185 Tenn. 864; *James* v. *Kennedy,* 174 Tenn. 591, 595, 129 S. W. (2d) 215.

*Anderson* v. *Covert,* 193 Tenn. 238, 245 S. W. (2d) 770, furnishes no authority for this court to take jurisdiction of a petition for certiorari filed after the expiration of a valid extension of the statutory 45 days, code 10629. In the present case, it is manifest on the face of the record, that the petition for certiorari was filed too late, and that this Court has no jurisdiction. *James* v. *Kennedy,* supra. In the case of *Anderson* v. *Covert,* supra, the petition for certiorari was filed within the term of an extension erroneously granted by a Judge of the Court of Appeals, and this Court, after deciding that the extension was invalid, denied the writ for lack of jurisdiction.

As the writ was denied in the Anderson case, petitioners would gain nothing on the authority of that opinion. However, that case, and the one before us, are clearly distinguishable.

Since we have no jurisdiction to entertain the petition for certiorari, the motion to dismiss it is sustained.