John W. SULLIVAN, Plaintiff-Appellee,

v.

Bailey D. MORROW, Jr., et al., Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

June 29, 1973.

Certiorari Denied by Supreme Court Nov. 19, 1973.

Thos. W. Hardin, Chas. A. Trost, Courtney, Trost, Leech & Hardin, Columbia, for plaintiff-appellee.

J. Shelby Coffey, Jr., Columbia, for defendants-appellants.

SHRIVER, Presiding Judge.

## OPINION

This is a suit for damages, both compensatory and punitive, for personal injuries received by plaintiff as a result of an altercation in which plaintiff was stabbed and cut with a knife and otherwise injured at the hands of defendant, Bailey D. Morrow, Jr.

Defendant, Frank Kennedy, Jr., individually, and doing business as Kennedy Motor Company, is sued as the employer of Bailey D. Morrow, Jr., on the theory that Morrow was acting at the instance of, or on the business of, and within the scope of employment of Frank Kennedy, Jr., d/b/a Kennedy Motor Company, at the time the injuries were inflicted.

The case was tried before Judge Joe M. Ingram and a jury in the Circuit Court of Maury County, and resulted in a verdict and judgment against both Bailey D. Morrow, Jr. and Frank Kennedy, Jr., individually, and doing business as Kennedy Motor Company, for $1,000.00 compensatory damages and $2,500.00 punitive damages.

From said verdict and judgment the defendants perfected their appeal to this Court and have assigned errors.

## THE PLEADINGS

The declaration alleges, and the evidence shows, that defendant, Frank Kennedy, Jr., was the owner and operator of Kennedy Motors in Columbia, Tennessee, and that Bailey D. Morrow, Jr., was employed as a truck and car salesman by Kennedy at the time the matters in question arose, to-wit, on July 6, 1968.

It is alleged that on the aforesaid date at about 9:00 o'clock p. m., plaintiff was on the premises of the Poe-Boy Burger Drive Inn in Columbia, engaged in conversation with several other persons when Frank Kennedy, Jr. and Kenneth Kennedy, whose place of business was next door to the Drive Inn, verbally accosted and insulted plaintiff and coerced and lured him onto their premises, whereupon, the defendant, Bailey D. Morrow, Jr., violently assaulted plaintiff and intentionally and unlawfully stabbed him in the back and cut his arm, resulting in injuries for which he was hospitalized, and that, during the aforementioned assault, the defendants, Frank Kennedy, Jr. and Kenneth Kennedy, encouraged, condoned and directed their employee and agent to so act while on their premises.

The declaration alleges that, as a result of the injuries in question, plaintiff was hospitalized and incurred doctors' and medical expenses and suffered severe pain and injury therefrom.

The second count of the declaration charges such willful and malicious conduct as to render defendants liable for exemplary or punitive damages in addition to compensatory damages.

The defendant, Bailey D. Morrow, Jr., filed his plea of not guilty and avers that plaintiff assaulted and struck him and that he used only such force as was necessary to repel the attack.

A voluntary non-suit was taken as to defendant Kenneth Kennedy.

Frank Kennedy, Jr., individually, and doing business as Kennedy Motor Company, filed a plea of not guilty and further pled as follows:

"Defendant specially denies that his employee, Bailey D. Morrow, Jr., as alleged in said declaration was acting in the course of his employment by defendant, or was acting in behalf of defendant or for defendant, and while within the scope of employment at the time of the alleged assault, if any, on the plaintiff. On the contrary, if said employee did make such an assault as alleged (which is not admitted), it was made wholly outside the scope of his employment."

## THE FACTS

We have only a narrative bill of exceptions in this cause but from said bill of exceptions it appears that on July 6, 1968 at about 9:00 p. m., plaintiff, a young man twenty-one years of age and a Navy veteran, was standing near his automobile on the premises of the Poe-Boy Burger Drive Inn in Columbia, engaged in conversation with several persons. Someone near him threw a beer can over the fence onto the adjoining lot occupied by defendant, Frank Kennedy, Jr., as a car lot. Shortly thereafter a beer can was thrown from the

Kennedy lot over the fence and struck plaintiff's car. As he was about to put the can in a trash container, Frank Kennedy, Jr., and his brother, Kenneth, came around the fence and asked who had been throwing cans on their property. Plaintiff replied that he did not know. The Kennedys then engaged in a heated discussion with plaintiff and a group of about a dozen other people who were present and, during the discussion, defendant, Bailey D. Morrow, Jr., drove up and entered the conversation.

According to the testimony of plaintiff, Morrow began threatening him and asking him to go over onto the Kennedy car lot so they could have a fight and settle the dispute. About this time, James Coleman and W. E. Hardison, Columbia Police Officers, drove up in response to a call received by the Police Department from the Kennedys prior to the time they went to the Drive Inn lot. Frank Kennedy, Jr. told the officers that everything was all right and that no problems existed, so they left.

Officer Coleman testified that, after having left the scene, they received a second radio call from City Hall, telling them to get back to the Poe-Boy Burger Drive Inn, that there was a fight in progress. However, when they arrived the second time the fight was over and the participants had gone. At this time they were informed by Frank Kennedy, Jr. that there had been a scuffle between two of the boys and that one of them had fallen against an awning and cut himself.

Plaintiff Sullivan testified that, after Morrow arrived on the scene at the Drive Inn, said defendant threatened him and that Frank Kennedy, Jr. stated, in effect: "If you don't whip this punk, I'll whip you," talking to Morrow and referring to plaintiff.

He testified further that after the police officers had left, (quoting from the narrative bill):

"Morrow egged him into agreeing to step over to Kennedy's lot and fight;

and Frank Kennedy, Jr. and Kenneth Kennedy went around the fence first and that he and several of the people who had gathered followed them over to the premises of the Kennedy Motor Company while Bailey Morrow, Jr. drove his truck around the premises of Poe-Boy Burger Drive Inn to the front of the office of the Kennedy Motor Company, which was a trailer. That, while walking over to the premises of the Kennedy Motor Company, he took off his watch and took out his wallet and gave it to one of his friends, Kenny Moore, to hold for him. That after he arrived on the premises of the Kennedy Motor Company in front of and to the side of the office trailer, Bailey Morrow, Jr. arrived and got out of his truck and rushed him and threw his arms around him and cut him across the arm, a cut of about one inch long, and stabbed him in the back one time, and that they were both standing at the time and that no blows were passed until after he had been cut. At about that time someone in the crowd shouted 'Look out, Johnny, he's got a knife.' Thereafter, he and Bailey Morrow, Jr. swapped a number of blows and he knocked Morrow down and got on him and hit him several times, after which time he got up and a friend drove him to the Maury County Hospital where he received emergency treatment from Dr. Ambrose M. Langa and stayed in the hospital for a period of three days."

He testified about his doctors' and hospital bills which amounted to $189.75. He lost two weeks wages at $100.00 a week.

Several witnesses testified on behalf of the plaintiff.

Jimmy Patterson stated that he saw the fight and saw a small shiny object in Morrow's hand and saw Morrow cut Sullivan.

Jimmy White saw Billy Potts throw beer cans over the fence and then leave.

Angie Patterson climbed on the hood of a car and looked over the fence where she

saw plaintiff and Morrow engaged in a fight and saw Morrow cut the plaintiff, observing the slit in his shirt and the blood that flowed from the wound.

Jerry Clay Brunson witnessed the entire altercation and testified that, when Morrow drove up in his truck, he leaned over and appeared to be getting something from under the front seat, and that he then got out of his truck and ran at Johnny Sullivan, threw his arms around him, and they fell to the ground.

Bailey Morrow, Jr. testified that he was employed by the Kennedy Motor Company as a truck and car salesman on a salary and commission basis. He stated that on the night of July 6, 1968, after closing up the truck sales lot across the street from the office trailer lot of the Kennedy Motor Company, he drove his truck over to the office and observed several beer cans thrown over the fence onto the car lot, one of which struck his truck and another struck the trailer office. He then drove his truck next door to the Drive Inn where the Kennedys were engaged in a discussion with a group on the Burger Drive Inn lot. He denies provoking the fight and insists that it was only after he was thrown to the ground and was being beaten by plaintiff that he got out his penknife and cut plaintiff on the arm and back. He denied that Frank Kennedy, Jr. suggested that he whip Sullivan or had anything to do with promoting the fight.

Kenneth Kennedy testified he was an automobile salesman on a salary and commission basis for his brother, Frank Kennedy, Jr. He told of the incident on the Drive Inn lot where an argument between plaintiff and others with him and his brother, Frank, took place. He stated that, while the discussion was going on, defendant Morrow drove up and entered the discussion and that when he and his brother walked back around the fence from the Burger Drive Inn to the Motor Company lot, they were followed by ten or twelve persons; that Bailey D. Morrow, Jr. drove

up in a Chevrolet truck and when he got out of the truck, Sullivan grabbed him and the fight ensued.

Lewis Alred heard the argument going on outside the trailer office of the Motor Company, but knew nothing of significance with reference to the issues involved and the same is true of Junior Thomason, operator of the Poe-Boy Burger Drive Inn.

## ASSIGNMENTS OF ERROR

There are eight assignments of error.

Assignment No. 1 charges error on the ground that there is no material evidence to support the verdict.

This assignment is without merit and is, therefore, overruled.

Assignment No. 2 charges error on the ground that the verdict is contrary to the weight and preponderance of the evidence.

Under decisions of this Court and the Supreme Court it has been consistently held that the Appellate Courts will not weigh the evidence on appeal from a jury verdict approved by the Trial Judge but, on questions of fact, the verdict and judgment will be sustained if there is any material evidence to support it. Lyman v. Bank, 48 Tenn.App. 328, 346 S.W.2d 289, and cases cited therein.

Assignment No. 2 is, therefore, overruled.

Assignment No. 3 charges error in the admission into evidence of a letter dated September 17, 1968 from Attorney Charles A. Trost, addressed to Mr. Buddy Kennedy, Kennedy Motor Company, Columbia, Tennessee, on the ground that the letter contains an offer of compromise and settlement and does not constitute evidence of probative value in the case.

We have examined the letter in question and find that it is not subject to objection on the ground that it constitutes an offer of compromise and settlement. The letter

merely states that the firm of attorneys represent the plaintiff in a claim against Mr. Kennedy for damages and asks that he get in touch with the writer of the letter "so that we can attempt to settle this matter without the necessity of litigation." There is no offer of settlement—merely a suggestion that the parties meet to discuss the possibility of a settlement.

Whether the handwritten sentence by the defendant on said letter constitutes any material evidence in the case is a question which we find it unnecessary to decide.

In any event, the admission of the letter in evidence, if error, was harmless error, hence, the assignment is overruled.

Assignment No. 4 charges error in overruling the motion of defendant, Frank Kennedy, Jr., individually, and d/b/a Kennedy Motor Company, for a directed verdict in his favor at the conclusion of the plaintiff's evidence, on the ground that no proof was offered by the plaintiff that Frank Kennedy, Jr. engaged in the fight between plaintiff and Bailey D. Morrow, Jr., nor is there any evidence in the record that the conduct of Bailey D. Morrow, Jr. was within the scope of his employment, or that he was acting for or on behalf of defendant Kennedy in any capacity when he engaged in the fight with plaintiff, and that, on the contrary, all of the evidence indicated that the act, or acts, of the defendant Morrow in question here were not within the scope of his employment by the defendant, Frank Kennedy, Jr.

In Hunt-Berlin Coal Co. v. Paton, 139 Tenn. 611, 202 S.W. 935, the Supreme Court laid down the rule with respect to the liability of the master for injury to a third person, inflicted by a servant, in the following language:

"It was outside the scope of the duty of a yardmaster of a coal company in admitting an employee of a light company to inspect a meter to engage in a dispute with him relative to the demerits of their respective employers in the course of which he was provoked into killing the inspector, and, on these facts appearing in an action for his death, the coal company was entitled to peremptory instruction."

In Anderson v. Covert, 193 Tenn. 238, 245 S.W.2d 770, where an employee of a restaurant evicted a disorderly customer and gave the customer a brutal beating, the Court held that for the acts of a servant, in the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and *as an incident to his employment,* the master will be responsible.

In Averill v. Luttrell, 44 Tenn.App. 56, 311 S.W.2d 812, in an action by a baseball batter against the catcher and the Baseball Club for injuries sustained by him when the catcher stepped behind the batter and struck him a hard blow on the side or back of his head with his fist, the Circuit Court of Hamilton County entered judgment against both the catcher and the Baseball Club, whereupon, the Baseball Club appealed. The Court of Appeals held that where the catcher's assault was a willful independent act on his part outside the scope of his duties and not in the furtherance of the employer's business, the employer was not liable to the batter under the doctrine of respondeat superior.

The second headnote, which accurately reflects the holding of the opinion, is as follows:

"A master is not liable for the willful acts of his servant who steps aside from his master's business and commits an act wholly independent and foreign to the scope of his employment."

We are unable to find in this record any substantial material evidence to support the proposition that the defendant, Frank Kennedy, Jr., individually, and doing business as Kennedy Motor Company, as employer of Bailey D. Morrow, Jr., is liable to the plaintiff for the injuries received by him in his altercations with Morrow. The evidence unmistakably indicates

that Morrow's actions were outside the scope of his employment and we think there is no substantial evidence that Kennedy participated in such a way as to render him liable for Morrow's acts.

It results that Assignment No. 4 is sustained.

Assignment No. 5 is a reiteration of Assignment No. 4 and may be treated as a part thereof.

Assignment No. 6 charges error in holding that there was such material evidence of malice, wantonness or oppression as to justify punitive damages against the defendants, Morrow and Kennedy.

 In view of our holding with respect to Assignments Nos. 4 and 5 hereinabove, this assignment will be sustained insofar as it applies to Frank Kennedy, Jr., individually, and d/b/a Kennedy Motor Company, however, it is overruled with respect to Bailey D. Morrow, Jr., since we think there is sufficient evidence to support a finding by the jury that his conduct called for a judgment for punitive damages.

Assignment No. 7 charges error in entering judgment upon the verdict of the jury in view of the fact that the jury first awarded damages separately against Morrow and were instructed to return and reconsider their verdict and, after being sent back for the second time, they brought in the final verdict of $1,000.00 compensatory and $2,500.00 punitive damages against both defendants.

From the record it would appear that appellant did not raise this point at the trial.

It is the duty of the Trial Judge to guide the jury in framing a proper verdict and to mould a judgment in accordance with the final verdict as returned by the jury. This was done in the instant case. See L. & C. Ins. Co. v. Robertson, 6 Tenn.App. 43.

The assignment is overruled.

Assignment No. 8 charges excessiveness of the verdict.

We find no merit in this assignment and it is overruled.

It results that all assignments with respect to the verdict and judgment against Bailey D. Morrow, Jr. are overruled and the judgment of the Trial Court is affirmed as to him. However, as hereinabove indicated, Assignments Nos. 4 and 5 are sustained as to defendant, Frank Kennedy, Jr., individually, and doing business as Kennedy Motor Company, with the result that the verdict and judgment against him is reversed and the cause dismissed as to him.

Affirmed in part, reversed in part and rendered.

PURYEAR and TODD, JJ., concur.