**Virgil MALICOTE**

v.

**Ron McDOWELL.**

No. Civ. 3–79–266.

United States District Court,
E. D. Tennessee, N. D.

July 23, 1979.

---

64

Joseph G. Coker, Jacksboro, Tenn., for plaintiff.

J. Michael Haynes, Jr., Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is an action for damages for alleged outrageous conduct by a federal employee. The case was originally filed in the Campbell County Circuit Court. It was subsequently removed here on the petition of the United States claiming that the action is one in tort against an employee of the United States acting within the scope of his employment. *See* Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*; particularly 28 U.S.C. § 2679(d). In plaintiff's answer to the petition to remove, construed here as a motion to remand this case to state court, plaintiff adamantly contends that defendant was not acting in the scope of his employment when he committed the alleged malicious acts. Also before the Court is defendant's motion to dismiss the complaint for failure to pursue administrative remedies.

In the opinion of the Court, the alleged actions of defendant, namely running over plaintiff's two pet goats intentionally while in the course of a federal strip mine inspection, were within the scope of defendant's employment as that phrase is legally construed. The fact that an employee's action may be illegal, and even expressly forbidden by the employer, does not necessarily remove the act from the "scope of employment." *See Anderson v. Covert,* 193 Tenn. 238, 245 S.W.2d 770 (1952); *McConnell v. Jones,* 33 Tenn.App. 14, 228 S.W.2d 117 (1949) (*cert. den.* 1950). The alleged actions occurred while defendant was in the natural course of conducting a federal surface mine inspection pursuant to federal law. It is thus inescapable that any actions of defendant committed in this context must be within the scope of his employment as a federal surface mine inspector.

Therefore, under 28 U.S.C. § 2679(d) this action is removable to this Court as an action against the United States under the Federal Tort Claims Act. A necessary prerequisite to any lawsuit under this Act, however, is exhaustion of administrative remedies. 28 U.S.C. § 2675(a). Since such remedies have not even been pursued in this case, plaintiff's lawsuit is premature.

Accordingly, it is ORDERED that plaintiff's motion to remand be, and the same hereby is, denied. It is further ORDERED that plaintiff's complaint be, and the same hereby is, dismissed for failure to exhaust administrative remedies. 28 U.S.C. § 2675(a).

Order Accordingly.