FILED

02/22/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2018

## CHRISTOPHER JAKE REYNOLDS v. KEVIN GENOVESE ET AL.

**Appeal from the Circuit Court for Hickman County**
**No. 16-CV-28      Joseph Woodruff, Judge**

_____

**No. M2017-02337-CCA-R3-HC**

_____

The *pro se* Petitioner, Christopher Jake Reynolds, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Christopher Jake Reynolds, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Kim R. Helper, District Attorney General; and Stacey B. Edmondson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

Petitioner was convicted by a Giles County jury of possession of 0.5 grams or more of cocaine with intent to sell. The trial court sentenced him to 30 years' imprisonment as a career offender on September 23, 2005. Although untimely filed, the trial court heard and denied Defendant's motion for new trial. No direct appeal was taken from that order. What followed is best described by a panel of this court in its opinion addressing Petitioner's first attempt at collateral relief:

> [O]n January 21, 2010, nearly one-and-a-half years after the denial of the motion for new trial, [Petitioner] filed petitions in the trial court seeking

a delayed appeal, post-conviction relief, and a renewed motion for new trial. [Petitioner] argued that "after his motion for new trial his attorney . . . was disbarred from practicing law in the state of Tennessee and . . . never did file an appeal on behalf of [Petitioner]." [Petitioner] claimed that the errors and inaction of trial counsel amounted to ineffective assistance of counsel.

*State v. Christopher Jake Reynolds*, No. M2010-00607-CCA-R3-CD, 2011 WL 1991943, at *2 (Tenn. Crim. App. May 23, 2011), *perm. app. denied* (Tenn. Aug. 24, 2011).

The trial court summarily dismissed the petition, finding that it did not have jurisdiction to consider Petitioner's claims. A panel of this court affirmed the trial court's dismissal of the post-conviction and delayed appeal claims, finding that Petitioner's claims for relief were untimely and due process did not require tolling of the statute of limitations. *Id*. at *5.

Thereafter, Petitioner sought post-conviction relief on two more occasions. *See Christopher Jake Reynolds v. State*, No. M2013-02658-CCA-R3-PC, 2014 WL 7146715 (Tenn. Crim. App. Dec. 15, 2014), *perm. app. denied* (Tenn. Apr. 10, 2015). Petitioner's second post-conviction petition was summarily dismissed. In a third petition for post-conviction relief, Petitioner alleged that his trial counsel was ineffective and that due process should toll the statute of limitations. *Id*. at *2. The post-conviction court appointed counsel to represent Petitioner and conducted an evidentiary hearing. The post-conviction court found that the petition was untimely and there were no statutory grounds for tolling the statute of limitations. *Id*. Additionally, the post-conviction court found that there was no proof that trial counsel's actions prevented Petitioner from timely seeking relief, or that trial counsel had misled Petitioner about the status of the case. Petitioner appealed, and a panel of this court affirmed the post-conviction court's judgment. *Id*.

On May 13, 2016, Petitioner filed a petition for writ of habeas corpus, claiming that his conviction was "based upon the illegal actions of the Giles County criminal courts that were without lawful jurisdiction and/or authority to convict and/or sentence the petitioner." Petitioner argued that although he was indicted for the sale of cocaine, the jury convicted him of possession with intent to sell cocaine. He argued that the trial court did not have jurisdiction to impose judgment because he was convicted of an offense for which he was never indicted. Additionally, Petitioner claimed that he was convicted by a jury drawn from Giles County rather than from the entire judicial district, which also rendered his conviction "null and void."

- 2 -

In an order entered on November 7, 2016, the habeas corpus court summarily dismissed the petition, concluding that the trial court "had subject matter jurisdiction over the trial of this felony offense, and personal jurisdiction over Petitioner, the claims in the [p]etition for [h]abeas [c]orpus relief are without merit, and the [p]etition is due to be summarily dismissed."

On November 23, 2016, Petitioner filed a "motion to alter, amend, or find additional facts," citing Tenn. R. Civ. P. 59.04 and 52.02. Petitioner alleged that the court failed to address his first issue alleging that the convicted offense was different from the indicted offense. On March 10, 2017, the habeas corpus court entered an order denying Petitioner's motion to alter or amend, which stated: "After considering the substance of Petitioner's [m]otion and the entire record in this case, the [c]ourt affirms its conclusion [that] the original trial court had both subject matter and personal jurisdiction to enter the judgment upon which Petitioner is confined."

Petitioner also contemporaneously filed on November 23, 2016, what he labeled as a "premature notice of appeal" under Tennessee Rule of Appellate Procedure 4(d), requesting that his notice of appeal be filed on the date of entry of the habeas corpus court's ruling on his motion to alter or amend. He filed the notice with the habeas corpus court. Petitioner's notice of appeal was not received by the appellate court clerk until November 28, 2017. In a letter dated November 16, 2017, from the circuit court clerk to Petitioner, the clerk's office advised "we are returning all of your documents to you, unfiled, . . . due to the amendment of TRAP Rule 4 which states, effective 7/1/17, a Notice of Appeal shall be filed with the Appellate Court Clerk." Also on November 28, 2017, the appellate court clerk received a copy of a letter Petitioner had sent to the circuit court clerk, which states:

> [I]n response to your Oct[.] 26, 2017[,] letter stating that there was no "Notice of Appeal regarding the March 10, 2017 Order" filed with your court. However, Clerk Nicholson I aver that I did in fact file/mail a Premature Notice of Appeal (copy enclosed) alon[g] with my "Motion to Alter, amend or find additional facts and conclusion[s] of law" dated November 18, 2016[,] which must have been inadvertently misplaced. Now with that being the case I would still request that the record in relations to the above[-]cited case be transmitted to the Court of Appeals.

*Analysis*

As a preliminary matter, we will treat Petitioner's "premature" notice of appeal as a timely-filed notice of appeal from the habeas corpus court's initial order dismissing the petition. After the court summarily dismissed his petition for writ of habeas corpus,

- 3 -

Petitioner filed the motion to alter or amend and to find additional facts pursuant to Rules 59.04 and 52.02 of the Tennessee Rule of Civil Procedure. He also filed his "premature notice of appeal." Habeas corpus petitions are criminal actions under Tennessee Rules of Appellate Procedure 3(b) and 4(c). *Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008). A motion to alter or amend, however, only tolls a civil judgment. See Tenn. R. App. P. 4(b)(4). Therefore, Petitioner's motion was ineffectual to delay the transition to appeal caused by the filing of the timely notice of appeal. Thus, Petitioner's appeal is properly before this court. *See Rasta v. Donahue*, No. W2013-02100-CCA-R3-HC, 2014 WL 1410303, at *1-2 (Tenn. Crim. App. Apr. 9, 2014), *perm. app. denied* (Tenn. Aug. 27, 2014). The amendment to Rule 4 of the Tennessee Rules of Appellate Procedure, requiring a petitioner to file the notice of appeal in the appellate court instead of the trial court clerk, did not become effective until July 1, 2017.

Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. Petitioner asserts that he was convicted of an offense for which he was not indicted.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id*. at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. *Id*.

The record shows that Petitioner was indicted for two counts of sale of 0.5 grams or more of cocaine. The jury verdict form indicates that the jury found Petitioner guilty in count 2 of possession with intent to sell 0.5 grams or more of cocaine. The judgment form states the indicted offense as simply "cocaine," and the conviction offense is also stated as "cocaine" with a reference to Tennessee Code Annotated section 39-17-417, but

- 4 -

no subsection of the statute is referenced.  Pursuant to Tennessee Code Annotated section 39-17-417(a), it is an offense to:

> (1)  Manufacture a controlled substance;
> (2)  Deliver a controlled substance;
> (3)  Sell a controlled substance; *or*
> (4)  Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

T.C.A. § 39-17-417(a).

A violation of subsection (a) with respect to cocaine in the amount of 0.5 grams or more is a Class B felony. Id. § 39-17-417(c)(1).  Petitioner was charged through a valid indictment, thereby vesting the trial court with jurisdiction. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202.  Nevertheless, although a trial court may be initially vested with jurisdiction, a defendant "may be convicted only of an offense enumerated in the indictment, or an offense that qualifies as a lesser-included offense thereof." *Studdard v. State*, 182 S.W.3d 283, 286 (Tenn. 2005) (quoting *State v. Moore*, 77 S.W.3d 132, 134 (Tenn. 2002)).

Possession with the intent to sell cocaine and sale of cocaine under section 39-17-417(a) are separate offenses.  T.C.A. § 39-17-417(a)(3), (4), *Sentencing Comm'n Cmts*. The two offenses require proof of different statutory elements.  Possession of cocaine with intent to sell requires proof that (1) the defendant knowingly possessed cocaine, and (2) the defendant intended to sell cocaine. *Id*. § 39-17-417(a)(4).  In contrast, the elements of the offense of sale of cocaine are (1) that the defendant actually sold cocaine, and (2) the defendant acted knowingly. *Id*. § 39-17-417(a)(3).

In its brief, the State argues that because the record contains nothing to establish whether the indictment was properly amended, Petitioner is not entitled to habeas corpus relief.  The line on the judgment form that indicates an amended charge is left blank, and the record does not contain a motion pursuant to Rule 7(b) of the Tennessee Rules of Criminal Procedure.  However, "even if the indictment was not properly amended, such allegations would merely render the judgment voidable, not void." *See Roy Allen Scott v. David Osborne, Warden*, No. E2011-02021-CCA-R3-HC, 2012 WL 1523824, *3 (Tenn. Crim. App. April 30, 2012), *perm. app. denied* (Tenn. Aug. 17, 2012) (citations omitted).

In a somewhat similar case, the petitioner sought habeas corpus relief based on a discrepancy between the date of the offense in the indictment and the judgment. *Frank Shackelton v. David B. Westbrook, Warden*, No. M2015-00252-CCA-R3-HC, 2015 WL 4127045 (Tenn. Crim. App. July 9, 2015).  A panel of this court concluded that "[a]ny

variance in the date would render the conviction at most voidable, rather than void, and therefore does not present a cognizable claim for habeas corpus relief." *Id*. at *2.

When a jury has returned an incomplete, improper, or imperfect verdict, the trial court has the power and duty to command the jury to correct it. *Meade v. State*, 530 S.W.2d 784 (Tenn. Crim. App. 1975). Specifically, the judge must send the jury back to the jury room with instructions to correct or amend that incomplete, improper, or imperfect verdict. *State v. Stephenson*, 878 S.W.2d 530, 554 (Tenn. 1994); *State v. Morris*, 788 S.W.2d 820, 825 (Tenn. Crim. App. 1990). There is nothing in the record to indicate that this was done in this case. The trial judge also has the right and duty to mold a judgment in accordance with the final verdict as returned by the jury. *Sullivan v. Morrow*, 504 S.W.2d 767 (Tenn. Crim. App. 1973). The trial court should have corrected the judgment to reflect the conviction offense. Instead, the judgment form merely states the conviction offense as "cocaine." However, Petitioner failed to raise this issue on direct appeal or in his previous attempts at collateral relief.

Petitioner has failed to state a cognizable claim for which habeas corpus relief can be granted. We, therefore, conclude that the habeas corpus court properly dismissed Petitioner's petition.

CONCLUSION

Upon review, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
THOMAS T. WOODALL, JUDGE

- 6 -