STATE OF TENNESSEE FOR USE OF OBION COUNTY *v.* R. H. BOND *et al.**

(*Jackson.*    April Term, 1927.)

Opinion filed July 16, 1928.

1. SALARY LAW. COUNTY COURT CLERK. SALARY OF DEPUTIES. MUST BE FIXED BY CHANCELLOR BEFORE ACCRUAL.

The provisions of the law fixing the salaries of certain county court clerks clearly recognize the right of such officers to reasonable allowance for salaries for deputies and assistants, to be paid out of the fees of office, such allowances can only be made on condition that application be made to the chancellor and a hearing be had before him for the purpose of determining the number of deputies and the salaries to be paid to them, in advance of the expenditure, and expenditure made without such hearing cannot be subsequently ratified.    (Post, p. 329.)

Citing: Acts 1921, ch. 101.

2. SALARY LAW. COUNTY COURT CLERK. SALARY OF DEPUTIES. MUST BE FIXED BY CHANCELLOR BEFORE ACCRUAL. NO RATIFICATION BY SETTLEMENT.

The fact that a county court clerk has made settlement with the County Judge, as the fiscal agent of the county, as required by the act fixing his salary, is not a ratification of his allowances for salaries of his deputies and assistants, since the Act provides that such credits may be disallowed if found to have been improperly included when the accounts have been audited.    (Post, p. 330.)

Citing: Acts 1921, ch. 101, secs. 9, 21.

3. COUNTY COURT CLERK. ALLOWANCE FOR SALARIES FOR DEPUTIES. CANNOT BE MADE IN SUIT TO RECOVER FEES. CROSS-BILL. DEMURRER.

In a suit to collect fees of office collected by a county court clerk in excess of his salary allowed by law, it is not error for the chancellor to sustain a demurrer to a cross-bill whereby said county court clerk seeks a nunc pro tunc order allowing credit for money paid to deputies and assistant, the salary of whom has not been fixed as required by law. (Post, p. 331.)

4. CHANCERY PROCEDURE. NUNC PRO TUNC ORDER.

Since a nunc pro tunc order contemplates a disposition of a matter made at a previous time or term, such an order cannot be made where there has been no previous disposition. (Post, p. 331.)

---

FROM OBION.

---

Appeal from the Chancery Court of Obion County.— HON. V. H. HOLMES, Chancellor.

C. N. & H. H. LANNOM and W. M. MILES, for complainants, appellants.

F. J. SMITH and FENNER HEATHCOCK, for defendants, appellee.

MR. JUSTICE CHAMBLISS, delivered the opinion of the Court.

This suit was brought by the County of Obion in August, 1927 to recover from defendant Bond, who had held the office of County Court Clerk from September, 1922, to September, 1926, and his bondsmen, fees, etc., collected by him in excess of his annual salary of $5000, fixed by law. An answer and cross-bill as filed in which the collection of excess fees was admitted, but it was al-

leged that $5397.40 of these excess fees had been paid out by him to deputies and clerks for assistance in the conduct of the office during the four years of his term, and he prayed for a decree *nunc pro tunc* approving these expenditures and allowing him credit therefor. At the same time he paid into the Court the sum of $1541.68 with interest thereon, which he admitted having collected, not only in excess of the salary, but in excess also of the aforesaid alleged disbursements for clerk hire.

A demurrer to so much of the cross-bill as sought a decree approving and allowing the credit claimed was sustained by the Chancellor and an appeal was granted from this decree. The Chancellor was evidently of the opinion that the application for this credit came too late in view of the provisions of the Act of 1921, Chapter 101, fixing the salary of the Clerk of the County Court in Counties of this class at $5000 and expressly setting forth the terms and conditions upon which allowances might be made for the payment of deputies or assistants, it being conceded that these provisions were not followed out in this case, but wholly disregarded. The theory of the defendant on this appeal is thus summarized in the brief of counsel:

"First, under a proper construction of the Act in question the said R. H. Bond was entitled to the credits for the salaries of the deputies and assistants as claimed in said answer and cross-bill; second, in justice and equity he is entitled to such credits, regardless of the construction placed upon said Act; and, third, the County of Obion is bound by the reports and settlements heretofore made by the said R. H. Bond, as County Court Clerk, to and with the County Judge of Obion County,

and is now estopped to deny the credits claimed by the said Bond for the sums paid for the services of such deputies and assistants under the condition of the pleadings in this cause."

(1) Looking to the Act of 1921 as a whole we think it quite apparent that the Legislature contemplated the allowance to these officers whose salaries were therein definitely fixed, of additional salaries for deputies or assistants only on condition that application should be made for such allowances in the manner and form set forth with great detail and precision in Section 7 of the Act. While it is true that the Act clearly recognizes the right of an officer to reasonable allowances for such purposes, as insisted for appellant, he is permitted to employ such deputies and assistants only in the manner and under the conditions prescribed, and we are of opinion that time is of the essence of this provision. It is clear that it was the intention of the Legislature that this application to the Chancellor, and the hearing before him for the purpose of determining the number of deputies and the salaries to be paid them, should be made in advance of the expenditures, and not by way of ratification merely. Not only is this quite apparent on the face of the Act itself, but reasons suggest themselves why such a course is proper and desirable. It is to be observed that the supervision by the Chancellors provided for by the Act over the expenditures of these officers for deputies is a continuing supervision throughout the terms of office, express provision being made for modification and extension of allowances from time to time upon the application of either the County or the officer. This strengthens the conclusion that it was not the intention of the Legislature that an officer might totally disregard these vital provisions of the Act throughout his entire

term of office and then, when demand is made by the County for an accounting, reply that he had, arbitrarily and of his own independent action, paid certain salaries to deputies and assistants and claim credit therefor.

The provisions for settlement with the County Trustee from time to time are in no way in conflict with the view we have expressed, and this is also true of the itemized statement required to be filed monthly with the Chairman or Judge of the County Court.

What we have said is sufficient response to the first and second paragraphs of the above-quoted summary of appellant's position.

(2) It is finally insisted that because defendant Bond is alleged to have made reports from time to time to the County Judge wherein he showed the payment of the said salaries to deputies and clerks, that the County is now estopped to refuse the allowance of these credits. In the first place, it may be said that if it was clear that the County Judge, as fiscal agent of the County, had undertaken, either in advance, or by way of ratification, to approve these allowances, he would have been acting beyond the scope of his authority, in view of the express provisions of the Act conferring this power exclusively upon the Chancellor. In the second place, it is expressly provided by Section 9 of the Act that, while the officer shall be entitled to credit on his settlement for these disbursements, such credits may be disallowed if found to have been improperly included when the accounts of the officer have been audited, as provided for by Section 21 of the Act. It was in recognition of the manifest fact that such accounts are complicated and intricate and require expert examination and analysis, that this Section 21 was placed in the Act providing for

the employment of auditors, and we think it apparent that the Legislature did not contemplate that the accounting between the officer and his County should be finally closed until opportunity had been afforded for the making of a complete audit.

(3) In further reply to the insistence that this Court, as a matter of equity, should now make these allowances, which on the face of the pleadings appear to have been such as would have been originally proper, and that an order to this effect should be entered now for them, we are constrained to deny that such disposition is authorized or proper. This is true not only for the reasons already suggested, but the cross-bill contains no suggestion of a plausible or reasonable excuse for the failure of the defendant to comply with the plain mandate of the law, and the pleadings therefore offer no basis for indulgence. The Chancellor to whom this application has been presented, fully five years after the time when the Act contemplated that it be presented, is necessarily not in a position, and could not now be placed in a position, to pass upon the making of such an order under circumstances and upon evidence sufficiently identical.

(4) Moreover, none of the elements essential to a nunc pro tunc order are here presented. Such an order contemplates a disposition made at a previous time or term. This is fundamental. This is exactly what was not had in this case. There was no disposition made of the question of the propriety of the allowances now asked for. Disposition of this application would necessitate a hearing on the merits by the present Chancellor and on evidence to be now presented.

Finding no error in the action of the Chancellor his decree sustaining the demurrer is affirmed.