**STATE of Tennessee, Appellee,**

v.

**Robert Lee MORRIS,
Appellant–Defendant.**

Court of Criminal Appeals of Tennessee,
Knoxville.

Jan. 12, 1990.

Permission to Appeal Denied by
Supreme Court April 2, 1990.

Mark Scott, Chattanooga, for appellant-defendant.

Charles W. Burson, Atty. Gen., Michaela K. Mathews, Asst. Atty. Gen., Nashville, and Ardena J. Garth, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DUNCAN, Presiding Judge.

Under a fourteen count indictment, with each count charging either aggravated rape or aggravated sexual battery, the defendant was convicted by the jury of three offenses of aggravated rape, two offenses of aggravated sexual battery, two offenses of assault with intent to commit sexual battery, one offense of assault and battery, and was acquitted of the remaining charges.

On October 7, 1988, the trial judge imposed sentences on the defendant for his various convictions. He was sentenced as a Range I offender. On April 27, 1989, the trial judge entered an order changing the defendant's convictions on counts two and three of the indictment from aggravated rape to aggravated sexual battery and altered the sentences previously imposed on those counts. We will cover this problem during the course of this opinion, and at the end of the opinion, we will review the sentences which we find were validly imposed.

In this appeal, the defendant contends that the trial court erred in denying his motion to sever the various counts of the indictment for trial. We find no merit to this issue, but we do find merit to another issue concerning the jury's improper verdicts on counts two and three of the indictment and the trial court's attempt to correct those verdicts.

The defendant's convictions arose out of a series of events involving his sexual molestation of several young male victims. The defendant does not challenge the sufficiency of the evidence, but later in this opinion we will summarize some of the evidence in order to explain our ruling on his first issue.

■ The defendant's first issue is whether the trial court erred in overruling his motion to sever the various counts in the indictment for separate trials. We find no error.

Tenn.R.Crim.P. 8(b) permits two or more offenses to be joined in the same indictment in separate counts if the offenses "constitute parts of a common scheme or plan or if they are of the same or similar character."

However, under Tenn.R.Crim.P. 14(b)(1), a defendant has a right to a severance of offenses joined in an indictment "unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others."

The State argues that the various crimes alleged in the indictment involved a common scheme or plan by the defendant to sexually molest children, and that the evidence supporting each count of the indictment would have been admissible on the trial of the other counts. And therefore, a severance was not warranted.

The defendant argues that the alleged incidents did not involve a common scheme or plan, and that the evidence of one would not have been admissible upon the trial of the other counts had a severance been granted.

Generally, evidence of other crimes by a defendant is not admissible to prove his or her disposition to commit such a crime as that on trial. But such evidence is admissible when it is relevant to prove some other material issue on trial such as motive, intent, absence of mistake or accident, identi-

ty, or a common scheme or plan for commission of two (2) or more crimes so related to each other that proof of one tends to establish the others. *State v. Parton,* 694 S.W.2d 299 (Tenn.1985); *Bunch v. State,* 605 S.W.2d 227 (Tenn.1980); *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963).

In *State v. Peacock,* 638 S.W.2d 837 (Tenn.Cr.App.1982), the Court said:

[A]s contemplated by Rules 8(b) and 14(b)(1), two or more sets of offenses must be so similar in *modus operandi* and occur within such a relatively close proximity of time and location to each other that there can be little doubt that the offenses were committed by the same person(s). The mere fact that a defendant has committed a series of armed robberies, or a series of rapes, or a series of other crimes does not mean that they are part of a common scheme or plan although the offenses may be of the "same or similar character."

*Id.* at 840.

Thus, whether a severance of counts in a multi-count indictment should be granted or denied depends upon the facts and circumstances involved in the various crimes that are charged.

Regarding the various crimes under discussion, we conclude from the evidence that these various crimes were all parts of a common scheme and plan on the part of the defendant to sexually molest these young victims.

The evidence showed that the defendant organized a tumbling group for young boys in 1972. The size of the group varied from fifteen to eighteen boys. The indictment alleged acts of aggravated rape or aggravated sexual battery against nine young males who were members of the defendant's tumbling group at one time or another.

All of the victims were less than thirteen years of age at the time of the alleged acts. The defendant was thirty-six years old at the time of the trial. The acts occurred in the homes that the defendant occupied. The parties stipulated the location of the defendant's homes and that he occupied them between June, 1981, and March, 1988. The defendant's sexual molestation of the victims was carried out regularly over a four-year period.

We need not detail the testimony of the victims. It is enough to say that the evidence showed that the defendant had numerous sexual contacts with the victims, including kissing and fondling them. Acts of fellatio and anal intercourse were committed upon some of the victims.

The evidence showed numerous similarities in the various charges against the defendant.

The defendant was perceived to be a positive force in the community. This allowed him to select and nurture his relationship with his prospective victims. As a driver of a school bus and leader of the tumbling group, he was able to select his young victims from the local black community.

All of the victims were young boys, and the acts were committed upon them when they were between nine and twelve years old. The defendant was a father figure to the victims, as they all came from homes with no father figure. The defendant was able to give them recognition and applause by reason of their tumbling activities. He enticed them to his home where he conducted recreational activities for them. They were exposed to television sets, Atari games, trampolines, and other boys with whom to play.

All of the victims testified that the incidents happened while they were alone with the defendant, either in his bedroom or in another room of his house.

The defendant would begin his molestation of the victims by playful kissing, fondling, and other inappropriate touching. He was careful not to frighten the victims when they would object, and he would stop, not force them to participate, and would let time pass. By these manipulative actions, he would then later entice his victims into engaging with him in more sordid homosexual acts, such as fellatio and anal intercourse.

The defendant would use sexual games, including the use of lotion, to try to relax his victims in an attempt to make the experience less offensive. He told some of his victims not to tell on him, and that if they did they would get him in trouble. He threatened one of the victims that if he told on him he would "turn" him on his head, and told another he would "spin" him on his head.

From what we have summarized, it is unnecessary for us to detail the many other similarities that were involved in these crimes.

We conclude that the defendant's various offenses were parts of a common scheme and plan on his part to sexually molest these young victims. The defendant's acts were of an ongoing nature, carried out regularly over a four-year period. Had the various counts of the indictment been tried singly, the evidence concerning the other incidents would have been admissible. The various offenses were so related in time and circumstances that proof of one tended to elucidate and establish the others.

The defendant relies on *State v. Burchfield*, 664 S.W.2d 284 (Tenn.1984), in support of the proposition that the separate offenses charged were too remote in time to be relevant to each other. In *Burchfield*, our Supreme Court reversed the defendant's convictions for aggravated rape of his daughter and for unlawful carnal knowledge of his step-daughter, holding that evidence of the latter charge should not have been admitted in his trial on the other charge as showing a common scheme or plan.

The instant case is distinguishable from *Burchfield*. In *Burchfield*, the two separate offenses occurred more than eleven years apart. As we have previously indicated, the instant case involved a continuous scheme on the part of the defendant to sexually molest these children. The defendant's acts were of an ongoing nature extending over a four-year period of time. While some of the victims were molested on different occasions, the defendant used similar enticements in the various cases and made similar threats against some of them to keep them from telling on him.

The State also contends in its brief that even if the counts had been severed, the evidence of the other incidents would have been admissible at a separate trial as being relevant to show intent or an absence of mistake or accident. We agree.

A part of the defense theory was that the "touching" of these victims was merely incident to the legitimate activity of tumbling, that the use of lotion by the defendant on the victims was to help their appearance at shows, and that these legitimate activities had been misinterpreted by the victims. Further, that the victims had misinterpreted kissing, grabbing, and hugging, as sexual acts when they were merely acts to show affection.

In view of these defenses, had the counts been severed, the evidence of the other incidents would have been admissible to show the defendant's intent and to negate any claim of accident or mistake.

The defendant also argues that since the jury returned an improper verdict on two counts of the indictment, this shows that the jury was confused by the multiple counts, and that this documents his claim that a severance should have been granted.

As we will cover next in this opinion, the jury did return an improper verdict on two counts of the indictment, but we do not see that this indicates any confusion on the part of the jury as to the other counts.

The trial judge gave a very concise charge to the jury on all of the offenses involved in the indictment. During deliberations, the jury did not request any questions to be answered by the trial judge, and in reporting its verdict, the jury gave a correct and precise report of its finding as to the other counts.

We find no merit to this additional argument.

We hold that the trial court correctly denied the defendant's motion for severance. This issue is overruled.

Next, we find merit to the defendant's claim that the jury's verdicts regarding counts two and three of the indictment

were invalid, and that the trial court was not authorized to correct those verdicts.

■ Under counts two and three of the indictment, the defendant was charged with aggravated sexual battery. Yet, when the jury reported its verdicts on these counts, it found the defendant guilty of the greater offense of aggravated rape on each of these counts. In other words, as to these two counts, the defendant was convicted of an offense, aggravated rape, without notice that he was required to defend that charge. *Church v. State*, 206 Tenn. 336, 333 S.W.2d 799 (1960); *State v. Smith*, 197 Tenn. 350, 273 S.W.2d 143 (1954).

■ A defendant cannot be legally convicted of more than he is charged with in an indictment. *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 (1956). A verdict which finds a defendant guilty of an offense which is not charged in the indictment or which is not a lesser included offense embraced in the indicted charge is prejudicial error. *See Church v. State*, *supra*. While aggravated sexual battery is a lesser included offense of the greater offense of aggravated rape, obviously the reverse is not true.

Unquestionably, the jury's verdicts were not responsive as to these two counts of the indictment.

Further, the record shows that on October 7, 1988, when the trial judge imposed the various sentences on the defendant, he imposed a sentence of forty years for the defendant's conviction of aggravated rape on count two, and a similar sentence of forty years for his conviction of this offense on count three, the latter sentence to be served consecutive to the sentence imposed on count two.

■ After the defendant had been sentenced, the defendant filed his motion for a new trial, and in an amended motion for a new trial, filed on February 10, 1989, the defendant called the trial court's attention to the improper verdict that had been returned by the jury regarding counts two and three of the indictment. The defendant's motion for a new trial was overruled on February 20, 1989, and he filed his

notice of appeal on February 21, 1989. Thus, the trial court's judgment became final thirty days thereafter on March 23, 1989. *See State v. Bouchard*, 563 S.W.2d 561 (Tenn.Cr.App.1977).

■ Notwithstanding the finality of the judgment, the trial judge, on April 27, 1989, entered an order attempting to reform the faulty jury verdicts on counts two and three. This order reads:

On the 20th day of February, 1989, Defendant Robert Lee "Flippo" Morris, by and through his counsel, in an amended motion for new trial informed the court that the jury, on July 29, 1988, convicted the defendant in Counts Two and Three of indictment number 172540 of Aggravated Rape; it was further argued that the jury's verdict on Counts Two and Three of indictment number 172540 were for a greater offense than what the defendant was charged, to-wit: Aggravated Sexual Battery. This Honorable Court has decided to correct the jury verdict by changing the jury verdict to coincide with the charge of the indictment; therefore based on this information it is hereby ordered that

1. The jury verdicts in Count Two and Three be changed from Aggravated Rape to Aggravated Sexual Battery; and

2. The sentence in Count Two and Three be changed from forty (40) years to twenty (20) years

Enter this 27th day of April, 1989, *nunc pro tunc* for February 20, 1989.

The above order was without legal effect because at the time it was entered the trial court's judgment was final. The trial court no longer had jurisdiction to enter this order. The order was void, and in our opinion it does not fall within the situations where it could be given retroactive effect by the attempt to enter it *nunc pro tunc* to make it timely. A *nunc pro tunc* order is not permitted to antedate and belatedly enter of record a judgment never in fact previously pronounced by the Court. *See Thomas v. State*, 206 Tenn. 633, 337 S.W.2d 1 (1960); *State v. Bond*, 157 Tenn. 326, 8 S.W.2d 367 (1928); *Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13 (1896).

■ Moreover, even if the order had been timely entered, we do not see how it could be given legal effect because of the marked discrepancy between the verdict as actually found by the jury, and as changed by the trial court's order.

■ The trial judge has both the power and duty to require that the jury correct or amend an improper or incomplete verdict. *Meade v. State*, 530 S.W.2d 784 (Tenn.Cr. App.1975). The trial judge has the right and duty to mold a judgment in accordance with the final verdict as returned by the jury. *Sullivan v. Morrow*, 504 S.W.2d 767 (Tenn.App.1973). But this duty does not carry with it the right to substitute for the rendered verdict a judgment that is substantially different. *Jones v. State*, 569 S.W.2d 462 (Tenn.1978).

Further, it appears that at the time the trial judge altered the jury's verdict by changing the defendant's convictions to aggravated sexual battery and imposing new sentences, the defendant was not even present, or if he was, the order does not show it.[1]

As we see this issue, the only way these invalid verdicts could have been legally amended would have been by the jury that convicted the defendant. And, of course, had these two counts been resubmitted to the jury for decision, we have no way of knowing whether the jury would have convicted the defendant of the greater offense of aggravated sexual battery or of one of the lesser included offenses.

■ The State argues that since the evidence is sufficient to show the defendant's guilt of aggravated sexual battery on counts two and three, we should affirm his convictions of that offense, and remand those counts to the trial court for resentencing. The State relies on *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 (1956), and *Sherod v. State*, 4 Tenn.Cr.App. 344, 470 S.W.2d 860 (1971) for this proposition.

For some of the reasons earlier discussed, we do not see that resentencing can solve the serious errors that are present in this case regarding counts two and three. Additionally, the present case is in a different posture from the *Huffman* and *Sherod* cases.

In *Huffman*, the indictment charged assault and battery. Yet, the jury found the defendant guilty of a greater offense of assault with intent to commit voluntary manslaughter. The Court recognized that one cannot be convicted of more than that which is charged. It therefore set aside Huffman's conviction of assault with intent to commit voluntary manslaughter, but concluded that where the defendant has received a fair and impartial trial which clearly established his guilt of assault and battery, then the case would have to be remanded for a jury to fix the punishment for assault and battery, the only crime charged in the indictment.

In *Sherod v. State*, 4 Tenn.Cr.App. 344, 470 S.W.2d 860 (1971), the defendant was convicted of second degree murder under an indictment which did not charge that offense. The indictment was sufficient to charge the lesser offense of involuntary manslaughter. The Court found that the evidence sustained a conviction for involuntary manslaughter and the judgment was modified and the sentence reduced.

In the *Huffman* case, the indictment did not charge the offense of assault with intent to commit voluntary manslaughter; yet, the trial court improperly charged that offense, which resulted in the improper verdict by the jury. In the present case, counts two and three properly alleged the offense of aggravated sexual battery, and the trial court gave a correct charge on that offense as it related to those counts. The jury's verdict was just simply not responsive to the indicted charges and the trial court's instructions.

---

**1.** Another problem presented by the trial judge's order is that while his original judgment as to count two imposed a consecutive forty year sentence, his order altering the defendant's sentences is silent as to how the two twenty year sentences are to be served. Thus, presumptively the altered sentences would run concurrent with all other sentences. Tenn.R.Crim.P. 32(c)(1).

Also, in *Huffman,* since the Supreme Court found that the indictment only charged assault and battery, then the defendant could only be convicted of that offense. In *Sherod,* the Supreme Court reduced the defendant's conviction to involuntary manslaughter, the lowest lesser included homicide offense of second degree murder.

The situation in the present case is markedly different. Counts two and three charged aggravated sexual battery. This offense includes the lesser offenses of sexual battery, assault with intent to commit sexual battery, and assault and battery. If we were to follow the rationale of *Huffman* and *Sherod,* we would be required to reduce the defendant's convictions on counts two and three to the lowest included offense of aggravated sexual battery, namely assault and battery. Clearly the evidence here would not warrant us in taking that action.

For all of the reasons stated heretofore, we conclude that the rationale of *Huffman* and *Sherod* cannot be utilized to correct the errors we have found regarding counts two and three of the indictment. And, a remand for resentencing as the State suggests would not be a proper route to solve the errors here.

As to counts two and three of the indictment, we reverse the defendant's convictions and remand these counts for a new trial.

In view of our reversal of the defendant's convictions on counts two and three of the indictment, and for clarification, we comment and rule further regarding the defendant's other convictions and sentences.

Regarding counts one and six of the indictment, for the defendant's conviction of aggravated sexual battery on each of those counts, the trial court imposed a sentence on the defendant of twenty years for each of those convictions. We affirm those convictions and sentences.

Regarding counts four and fourteen of the indictment, for the defendant's conviction on each of those counts of assault with intent to commit sexual battery, the trial court imposed on the defendant a sentence of two years for each of those convictions. We affirm those convictions and sentences.

Regarding count thirteen of the indictment, for the defendant's conviction of assault and battery, the trial court imposed on the defendant a jail sentence of eleven months and twenty-nine days. We affirm that conviction and sentence.

Finally, regarding count nine of the indictment, for his conviction of aggravated rape, the trial court imposed on the defendant a sentence of forty years. We affirm that conviction and sentence.

In view of this valid forty-year sentence imposed regarding count nine, and the trial court's ruling that all of the defendant's other sentences, apart from the consecutive sentences imposed on counts two, three and nine, were to be served concurrently, the defendant at this point is left with an effective sentence of forty years. In the event of the defendant's conviction after a retrial of counts two and three, the manner of service of any sentence or sentences that might be imposed will be determined by the trial court.

All of the defendant's convictions and sentences are affirmed, except his convictions and sentences on counts two and three of the indictment, which are reversed, and these counts are remanded to the trial court for a new trial.

BYERS and WADE, JJ., concur.