**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE,**
**AT NASHVILLE**

**FILED**

**March 20, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**STATE OF TENNESSEE,**
                    Appellee,

V                                                                   No. M2000-00304-CCA-RM-CD
                                                                    Davidson County

**ROBBIE JAMES,**
                    Appellant.


**CONCURRING OPINION**


I concur in Judge Riley's thoughtful opinion. In this separate opinion, I wish to address aspects of the issue of the lesser-included offenses of child rape. I agree that, under the "(b)" rubric of Burns, aggravated sexual battery could be a lesser-included offense of rape of a child; however, in my view, it is not necessary to analyze the issue under (b) because aggravated sexual battery and sexual battery are lesser-included offenses under rubric (a). See State v. Brenda Anne Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999).


In Burns, our supreme court expressed dismay that, under the statutory elements approach of "Howard, [v. State, 578 S.W.2d 83 (Tenn. 1976)], technically a defendant [in a rape case] could not get an instruction on sexual battery, because that offense requires the additional element that the touching be for the purpose of sexual arousal or gratification." Burns, 6 S.W.3d at 466. The court's observation is based upon the statutory definition of "sexual contact," one of the elements of sexual battery. Id.; see Tenn. Code Ann. § 39-13-504(a), -505(a) (1997). Sexual contact

> *includes* the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's or any other person's intimate parts, if *that* intentional touching can be reasonably construed as being *for the purpose of sexual arousal or*

1

*gratification.*

Tenn. Code Ann. § 39-13-501(6) (1997) (emphasis added).

I infer from the supreme court's mention of the rape-sexual battery issue that it intended to fashion an analysis formula which would assure that the sexual battery offenses would be lesser-included offenses of rape. If the definition of "sexual contact" truly requires in all cases that the touching be for the purpose of sexual arousal or gratification, then I agree that the sexual battery offenses require an element in addition to the elements of rape. Under this understanding of the meaning of "sexual contact," the majority is correct in holding that aggravated sexual battery is a lesser-included offense of rape via Burns's (b) category. In my view, the risk of harm to the victim is less in the case of mere sexual contact than it is in the case of penetration.

That said, however, I do not subscribe to this interpretation of sexual contact which always requires that the touching be for purposes of sexual arousal or gratification. First, I note that, unlike six of the eight definitions of sexual terms contained within Code section 39-13-501, subsection (6) does not say what "sexual contact" *means.* Compare Tenn. Code Ann. § 39-13-501(1), (3), (4), (5), (7), (8) (1997) ("means") with Tenn. Code Ann. § 39-13-501(2), (6) (1997) ("includes"). As in the case of "intimate parts" in subsection (2), it merely says what sexual contact *includes.* See Tenn. Code Ann. § 39-13-501(2) (1997). More importantly, it makes no sense, in the context of contact that is sexual, to require that the touching of the actual intimate parts be for the purpose of sexual arousal or gratification. I conclude that the requirement of a purpose of sexual arousal or gratification refers only to the second clause in the definition, the touching of "clothing covering the immediate area" of actual intimate parts. See Tenn. Code Ann. § 39-13-501(6) (1997). According to the definition, it is "*that . . .* touching" which requires the purpose of sexual arousal or

2

gratification.  Id.  (emphasis added).  Thus, it is only when the touching is not of an actual intimate part of the anatomy, but rather of the clothing covering the intimate part, that the statute requires something more – "the purpose of sexual arousal or gratification" – to constitute the element of sexual contact.

Under this view of sexual contact and hence the sexual battery offenses, the sexual battery offenses do not contain an element in addition to the offending touching of actual intimate parts which, for purposes of rape, is the act of penetration.   In this scenario, I believe  the elements of each of the sexual battery offenses are a subset of the elements of child rape as alleged in the indictment.  Compare Tenn. Code Ann. § 39-13-522(a) (1997) ("Rape of a child is the unlawful sexual penetration of a victim . . . if the victim is less than thirteen (13) years of age.") with Tenn. Code Ann. § 39-13-504(a) (1997) ("Aggravated sexual battery is unlawful sexual contact with a victim . . . accompanied by any one of the following circumstances . . . (4) The victim is less than thirteen (13) years of age."); Tenn. Code Ann. § 39-13-505(a) (1997) ("Sexual battery is unlawful sexual contact with a victim . . . accompanied by any one of the following circumstances . . . (2) the sexual contact is accomplished without the consent of the victim . . . .").

In Burns, the supreme court points out that the regimen used to determine lesser-included offenses is narrower than that used in the Model Penal Code "in that the *statutory elements* remain the focus of the inquiry." Burns, 6 S.W.3d at 467 (emphasis added).  I believe that such a focus in the present case results in a determination that the sexual battery offenses are lesser-included offenses of child rape as alleged in the indictment.  See State v. Bolin, 922 S.W.2d 870, 875 (Tenn. 1996) (aggravated sexual battery conviction held proper as lesser-included offense of aggravated rape alleged in indictment); State v. Banes, 874 S.W.2d 73, 79 (Tenn. Crim. App. 1993) (aggravated sexual

3

battery is lesser-included offense of aggravated rape); State v. Morris, 788 S.W.2d 820, 824 (Tenn. Crim. App. 1990) (aggravated sexual battery is lesser-included offense of aggravated rape). But see State v. Timothy R. Bowles v. State, No. 01C01-9711-CR-00547, slip op. at 15 (Tenn. Crim. App., Nashville, Apr. 20, 1999) (sexual battery is not a lesser included offense of aggravated rape), perm. app. granted (Tenn. Feb. 22, 2000); State v. Tracy Stewart Mullins, No. 01C01-9803-CR-00115, slip op. at 3-4 (Tenn. Crim. App., Nashville, Jan. 21, 1999) (sexual battery is not lesser-included offense of aggravated rape).

Having concluded that the sexual battery offenses are lesser-included offenses of child rape in the present case under the Burns "(a)" rubric, I concur with the majority that, via Burns, the evidence of record does not justify the lesser-included offense instruction. See Burns, 6 S.W.3d at 467. In determining whether a lesser offense should be charged, the trial court must engage in a two-part inquiry. First, it "must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense." Id. at 469. Such determination is made by examining the evidence in the light most favorable to the existence of the lesser-included offense. Id. Then, "the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense." Id.

It follows from the Burns "subset" approach to a statutory elements analysis for determining the *existence* of lesser-included offenses that, if a defendant commits an offense, he or she *ipso facto* and by definition commits all lesser included offenses. However, if the application of this truism is alone sufficient to *justify an instruction* on a lesser-included offense, there would have been no need for a justification analysis in Burns, and there would have been no need for that latter analysis to have two steps. I infer from the presence and explanation of the Burns two-step justification analysis that, when the trial court

4

undertakes the first step to determine if evidence exists by which reasonable minds could find the commission of the lesser-included offense, it must determine whether there is evidence of the lesser offense *other than* the very same evidence which supports the greater offense.

This interpretation comports with pre-Burns Tennessee law. See, e.g., State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999) ("Failure to instruct is not error where the record clearly shows that the defendant was guilty of the greater offense and the record is devoid of any evidence permitting an inference of guilt of the lesser offense."); State v. Vann, 976 S.W.2d 93, 110 (Tenn. 1998), cert. denied,—S.W.—, 119 S.Ct. 1467 (1999); State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), overruled on other grounds, State v. Dominy, 6 S.W.2d 472, 474 - 75 (Tenn. 1999); State v. King, 718 S.W.2d 241, 245 (Tenn. 1986). Indeed, in Burns our supreme court relied in part upon Langford and Trusty to support its formulation of a two-step justification analysis. See Burns, 6 S.W.3d at 469. These and similar cases support the proposition that there is no justification for giving the charge on the lesser offense if there is no evidence that reasonable minds could accept as to the lesser offense, *as opposed to the greater*.

In the present case, the evidence demonstrates that the defendant committed child rape, and there is no other evidence that she committed any lesser offense. My view differs from the majority only in that I would analyze the question of lesser included offenses under Burns's (a) rubric.

_____
JAMES CURWOOD WITT, JR., JUDGE