# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
October 15, 2008 Session

## ALDEN JOE DANIEL, JR. v. JACK MORGAN, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9250     E. Eugene Eblen, Judge**

_____

**No. E2008-00394-CCA-R3-PC - Filed January 7, 2009**

_____

The Petitioner was originally indicted on multiple sex offenses and felony failure to appear. A Morgan County jury found the Petitioner, Alden Joe Daniel, Jr., guilty of felony failure to appear but deadlocked as to his eight other sex offense charges. Before a retrial on the sex offenses and before a judgment of conviction was entered on the felony failure to appear conviction, the Petitioner pled guilty to multiple counts, and the parties agreed that the judgment of conviction arising from the jury trial would reflect that the Petitioner was convicted of misdemeanor failure to appear rather than felony failure to appear. The Petitioner filed a petition for habeas corpus relief claiming that his convictions were void because he had been convicted by a jury of a felony but the trial court agreed to allow that conviction to be reduced to a misdemeanor. Further, he asserted that the reduction of this charge from a felony to a misdemeanor was a material element of the plea agreement, and he sought habeas corpus relief from all of his judgments. The habeas corpus court dismissed the petition after a hearing. After a thorough review of the record and applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Robert L. Vogel, Knoxville, Tennessee, for the Appellant, Alden Joe Daniel, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Russell Johnson, District Attorney General; John H. Bledsoe, Special Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

We provided the following background in our opinion on the Petitioner's petition for

post-conviction relief:

> Petitioner was indicted on thirteen counts of statutory rape, sexual battery and rape stemming from allegations by various members of the girls' basketball team that Petitioner coached during the summer. After he was indicted, Petitioner fled the state and was apprehended approximately six months later. Following his return to Tennessee to stand trial, Petitioner was convicted of flight to avoid prosecution, but the jury could not reach a verdict as to the sexual offense charges. A second trial commenced later that summer. During the selection of the jury, a recess was called to explore the possibility of a plea settlement. After negotiations, Petitioner pled guilty to five counts of statutory rape, two counts of sexual battery and one count of rape with an effective sentence of nine years.

*Alden Joe Daniel, Jr. v. State*, No. E2002-02838-CCA-R3-PC, 2003 WL 22187067, at *1 (Tenn. Crim. App., at Knoxville, Sept. 23, 1003), *perm. app. denied* (Tenn. Dec. 22, 2003). This Court affirmed the post-conviction court's denial of post-conviction relief. *Id*. at *13.

In 2005, the Petitioner filed a petition for habeas corpus relief alleging that he was incarcerated and, as such, restrained of liberty.[1] The Petitioner contented that he was indicted for felonious failure to appear and that a jury convicted him of this offense. The Petitioner asserted that part of his plea agreement, which was negotiated after his guilty verdict, included that he would receive a misdemeanor conviction for this offense and a one-year sentence. The judgment form, however, indicated that he pled guilty to misdemeanor failure to appear and was sentenced accordingly. Therefore, he asserted that the judgment was void, as was his entire guilty plea, because it was part of a "package deal," which additionally included five counts of statutory rape, two counts of sexual battery, and one count of rape.

The habeas corpus court held a hearing on the Petitioner's petition. The Petitioner testified that the transcript of the guilty plea hearing proved that the parties agreed that the felony failure to appear conviction would be a misdemeanor as part of the plea agreement. The Petitioner said that this was part of the negotiated plea agreement because he did not want his wife and daughter subject to prosecution for aiding and abetting him. The Petitioner asked that the judgment in this case be found void and that the case be remanded for him to withdraw his guilty plea.

The State summarized the case and then called the habeas corpus court's attention to specific sections of the guilty plea hearing. The State noted the transcript said the following:

> GENERAL HOFFER: . . . Count 13, your Honor, is the fleeing. He's going to enter a plea of guilty to that. I believe that is an E felony. He will agree to a year

---

[1]Since the time of filing the habeas corpus petition, the Petitioner has been released from prison and is on parole. As part of his parole, he is subject to "community supervision for life" pursuant to Tennessee Code Annotated section 39-13-524. In the habeas corpus court, the State asserted that the Petitioner was not "confined or restrained of liberty" as defined by Tennessee Code Annotated section 29-21-101, the habeas corpus statute. The State acknowledges in its brief on appeal that it "does not make this argument on appeal."

sentence on that.
THE COURT:  I thought he had – I thought that's what he was found guilty of.
[DEFENSE ATTORNEY]: He was found guilty of that.
GENERAL HOFFER:  He was found guilty of that.
THE COURT: So he's not entering a plea.  He's already been found guilty.
[DEFENSE ATTORNEY]:  That's correct, your Honor.
THE COURT: Okay.
GENERAL HOFFER:  We're going to – there's a question regarding the status, of whether that's a felony or a misdemeanor.  Your Honor, the State is going to stipulate that that is a misdemeanor.
THE COURT: Okay.
GENERAL HOFFER: And he will be sentenced to 364 days, and that will be consecutive with count 12.  That's concurrent with count six, your Honor.

The State also told the habeas corpus court that the record from the guilty plea hearing showed that, after providing factual basis for the guilty pleas, the State told the trial court, "I believe that on the 13[th] count that the defendant had been found guilty by the jury."

Based upon this, the State made two relevant arguments.  First, the State contended that the trial court did not exceed its authority or act illegally when it reduced the felony failure to appear to a misdemeanor.  Second, the State asserted that, in order to be entitled to habeas corpus relief, the Petitioner must show that the illegal sentence was a material part of his plea agreement.  The State asserted that whether the Petitioner was sentenced to 365 days for the felony charge or 364 days for the misdemeanor charge was not material to the plea deal.

The habeas corpus court concluded that the Petitioner was not entitled to habeas corpus relief, and it dismissed the Petition.  It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends first that his lifetime sex offender supervision is a restraint of liberty sufficient to give him standing to petition the court for habeas corpus relief.  This argument is not contested by the State.  The Petitioner's second contention is that he was found guilty by a jury of felony failure to appear but that the judgment of conviction reflects that he pled guilty to a misdemeanor failure to appear.  The Petitioner contends that, while the "reduction of his sentence may have been permissible under the statute, the amendment to a misdemeanor conviction after a jury had found him guilty of a felony was illegal."  Further, he contends that his plea, which involved multiple counts including this conviction for misdemeanor failure to appear, must be set aside based upon the illegality of the failure to appear judgment of conviction.  He asserts his illegal sentence is a "material element" of the entire plea agreement, rendering the entire guilty plea invalid.

The State counters that the Petitioner has failed to prove that there was a final judgment of conviction in place for the felony failure to appear conviction at the time the convicting court accepted the Petitioner's guilty plea on the remaining charges and reduced the felony failure to

appear to a misdemeanor. Thus, the State contends, the Petitioner did not prove that the convicting court was divested of jurisdiction to reduce the charge upon the State's stipulation, which would be a necessary precedent to showing that the judgment of conviction was void. The State further argues that, even if void, the Petitioner would only be entitled to the limited relief of having the misdemeanor conviction set aside and the matter remanded to the convicting court for entry of a judgment of conviction on the indicted charge of felony failure to appear.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. *Id.* (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment that was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

In the case under submission, the Petitioner contends that his judgment if void. The Tennessee Supreme Court has stated that "[h]abeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant . . . ." *Summers*, 212 S.W.3d at 255 (quotations omitted).

The Petitioner's judgments of conviction and an excerpt from the plea hearing are included in the record before us. The hearing reflects that the State informed the trial court: "We're going to – there's a question regarding the status, of whether that's a felony or a misdemeanor. Your Honor, the State is going to stipulate that that is a misdemeanor." Absent from the record are copies of the Petitioner's original indictment and a transcript from the trial wherein the jury allegedly found the Petitioner guilty of felony failure to appear.

We cannot conclude from the face of the judgment and from the record of the proceedings upon which the judgment was rendered, both contained herein, that the convicting

court was without jurisdiction or authority to sentence the defendant. First, in some circumstances a trial court may properly reduce a conviction if there is a variance between the indictment and the conviction. *See State v. Morris*, 788 S.W.2d 820, 825 (Tenn. Crim. App. 1990). Specific to this case, if the Petitioner was only indicted for misdemeanor failure to appear but was convicted of felony failure to appear, the trial court may, in some circumstances, act appropriately to reduce the charge. Next, we cannot determine from the record whether the jury, in fact, convicted the Petitioner of a felony and not a misdemeanor failure to appear. Again, the transcript of the trial is not included in the record, and the only mention we have before us is that the parties had a "question" about whether the conviction was for a felony or a misdemeanor. This is not sufficient to prove that the convicting court was without jurisdiction to enter the judgment of conviction. The Petitioner is not, therefore, entitled to habeas corpus relief.

## III. Conclusion

After a thorough review of the record and applicable law, we conclude that the Petitioner is not entitled to relief, and the judgment of the habeas court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

-5-